## (November 12, 1952.)

◼

RENEE POLLARD, by WILLIAM C. POLLARD, Her Guardian ad Litem, Respondent, v. BOARD OF EDUCATION, BARKER CENTRAL SCHOOL DISTRICT, Appellant.— Judgment and orders reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs. Memorandum: On September 19, 1947, at about 12:30 P.M., the plaintiff, then aged eleven years and a first year junior high school pupil at Barker Central School, sustained injuries when she was tripped and caused to fall by the act of a classmate while crossing over a wire fence erected and maintained by defendant which separated a playground area from a parking and driveway area on the high school premises. The lunch period assigned to junior high pupils was from 12:00 to 12:30 P.M. No teacher was assigned to supervise the high school pupils while

they were playing on the grounds and playground during any lunch period. Plaintiff had eaten her lunch and gone to the playground for the remainder of the period. In returning to her classroom she followed other pupils, some of whom went under and some over the fence in question. She had placed one foot over the wire and was bringing the other over when a classmate raised the wire so that it struck her foot and threw her to the ground. We find no evidence in the record to support a finding that the fence involved in the accident was negligently constructed or negligently maintained or that the defendant breached its duty to provide adequate supervision of the playground. In our opinion the sole proximate cause of the accident was the unforeseen intervention of plaintiff's classmate in raising the wire. (See *May* v. *Board of Educ., Town of Mamaroneck*, 295 N. Y. 948, and *Ohman* v. *Board of Educ. of City of N. Y.*, 300 N. Y. 306, 309.) All concur. (Appeal from a judgment for plaintiff in a negligence action. The orders denied a motion for a new trial and for a directed verdict.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.