■ WILLIAM J. SHANAHAN, as Guardian ad Litem of PAUL SHANAHAN, an Infant, et al., Respondents, v. ST. JAMES ROMAN CATHOLIC CHURCH, Appellant.— Appeal from a judgment of the Supreme Court, Albany County which awarded damages of $4,500 to the infant plaintiff and $1,255.95 to his father. The infant plaintiff was injured while playing "king of the mountain" on a pile of snow next to appellant's school building when he was pushed off the top of the pile and landed in a sitting position on a stalk which pierced his body. The pile of snow, which had been in existence about two weeks before the accident, was about two feet high and three feet across and the stalk was one of several which were six to eight inches high and which were part of some bushes located along the school building about three or four feet from the pile of snow. The same game had been played on the snow for about ten days. The infant plaintiff, who attended the fifth grade, returned home each day for his lunch. Classes were recessed at 11:30 A.M., the children assembled in line at 12:35 P.M. and classes reconvened at 12:40 P.M. The Sister in charge of the school testified

that one of the rules which she explained to the children several times each year was that they could not return to school after lunch until 12:30 P.M. and they were then to take their place near the door. The accident here occurred at about 12:20 P.M. and it is admitted that there was no one supervising the area where it happened on that or any other lunch hour. The court below charged the jury that to find for the plaintiffs it was necessary to find that a dangerous condition existed of which the appellant should have known and further that there was a lack of supervision. The jury returned a verdict of $4,500 for the infant plaintiff and $1,255.95 for his father. The court denied appellant's motions for a dismissal of the complaint and for a directed verdict. The injury here was not sustained during school hours but rather during a period when classes were recessed for lunch and at a time when pupils such as the infant plaintiff who went home for lunch were not supposed to have returned to the school grounds. The appellant did not undertake the supervision of such pupils during their lunch hour and there is a lack of evidence to support a finding of a breach of a duty of supervision. (*Pollard* v. *Board of Educ.*, 280 App. Div. 1033, affd. 309 N. Y. 841.) It was also not demonstrated that the appellant had any notice that the pupils were not complying with the rule covering their return to school. Further, the plaintiffs here failed to establish the existence of a dangerous condition. The small pile of snow in the school yard together with the bushes and stalks along the building several feet away did not, in our view, constitute such a condition. Judgment reversed on the law and facts and complaint dismissed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.