ALFRED HILL, an Infant, by His Guardian ad Litem, KENNETH F. HILL, et al., Appellants, v. BOARD OF EDUCATION OF THE CENTRAL SCHOOL DISTRICT NO. 6 OF THE TOWNS OF WORCESTER, WESTFORD, DECATUR AND MARYLAND, OTSEGO COUNTY, Respondent.— Appeal from an order and judgment of the Supreme Court, Otsego County, granting a motion for nonsuit and dismissal

of the complaint at the end of appellant's case. Alfred Hill, then a nine-year-old third grader, suffered a compound fracture of the arm and other injuries on June 8, 1960 when as he peddled his bike past a group of 8 to 10 fellow students waiting for transportation to a cub scout meeting one of the students grabbed the bike causing him to fall. It is conceded that at the time of the accident Alfred Hill was proceeding in a proper manner from school to his home and that there was no adult supervision of the students waiting for transportation to the meeting. On the present record we must agree with the determination of the court below. Even before the question of whether lack of supervision could be denominated the proximate cause of the injury is reached a duty to provide supervision for the specific activity in question must be established. This is so even though the duty to provide supervision has been held unqualified and mandatory (*Selleck* v. *Board of Educ.*, 276 App. Div. 263, 266, motion for leave to appeal denied 300 N. Y. 764). Here the record reveals that normally on each Wednesday a group of 8 to 10 cub scouts went to a meeting to which transportation from the school was provided by an adult. The school supervisor, however, testified that although on occasion messages were received and forwarded by the school about the cub scout meetings in question, scouting was not considered a school function and that the school was completely unaware that the scouts met on the school premises to await transportation. Appellants claim that the school should have been aware of the scouts' meeting to await transportation, and while under certain circumstances we can conceive such to be the case, here the only evidence in the record beyond the supervisor's denial of such knowledge is the testimony of one of the cub scouts that on every other occasion during the year when the scouts were to be transported to a meeting an adult was waiting when the scouts were dismissed from school. There is absolutely no evidence that congestion on the passageway existed on any other occasion. On this state of the record no duty arose on the part of respondent to provide supervision for this group (cf. *Decker* v. *Dundee Cent. School Dist.*, 4 N Y 2d 462, 464). Furthermore, even if we were to find that supervision should have been provided, in our opinion the cause of the injury could not be attributed to the lack of supervision. The record indicates that the incident occurred by the sudden and unexpected intervention of a fellow pupil. This sort of causation cannot create liability against a school board in the absence of special circumstances not present here (see *Ohman* v. *Board of Educ. of City of N. Y.*, 300 N. Y. 306; *Munson* v. *Board of Educ.*, 17 A D 2d 687; *May* v. *Board of Educ.*, 269 App. Div. 959, affd. 295 N. Y. 948; cf. *Germond* v. *Board of Educ.*, 10 A D 2d 139; *Selleck* v. *Board of Educ.*, supra). Order and judgment affirmed, without costs. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.