GEORGE C. COLE *vs.* RICHARD PULLEY & another. September 13, 1984. *Bankruptcy,* Bankrupt estate. *Malicious Prosecution.*

The plaintiff appeals from a judgment entered after allowance of the defendants' motion for dismissal under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). The complaint had two counts for malicious prosecution and one for intentional infliction of emotional distress. The latter was based on the defendant Pulley's actions in attempting to repossess the plaintiff's car on August 14, 1980. The former were based on criminal complaints against the plaintiff issued later the same day at Pulley's behest. The plaintiff was found not guilty of the criminal charges in July, 1981.

The basis for the defendants' motion to dismiss was the fact that on October 6, 1980, the plaintiff had filed a voluntary petition in bankruptcy. On that date, with exceptions not here material, all his "property" became part of the bankrupt estate, 11 U.S.C. § 541(a)(1) (1982), the term "property" including *"all* interests of the debtor in rights of action." 4 Collier, Bank-

ruptcy par. 541.10[1] (1983). Unless scheduled by the debtor (the plaintiff here did not do so) and abandoned by the trustee in bankruptcy (*ibid.*), such rights of action may not thereafter be pursued by the debtor. *Truver* v. *Fall River Trust Co.*, 6 Mass. App. Ct. 951 (1978). Compare *Buker* v. *National Management Corp.*, 16 Mass. App. Ct. 36, 40-41 (1983).

There can be no doubt that the cause of action for intentional infliction of emotional distress accrued before the filing of the petition in bankruptcy and passed to the trustee. More problematical are the causes of action for malicious prosecution, an element of which is the termination of the allegedly malicious action in a manner favorable to the malicious-prosecution plaintiff. *Pilos* v. *First Natl. Stores*, 319 Mass. 475, 477-478 (1946). Nolan, Tort Law § 51 (1979). Whether a latent tort action is a "claim" dischargeable in bankruptcy has been the subject of conflicting approaches. See, e.g., *In re UNR Indus., Inc.*, 29 Bankr. 741 (N.D. Ill. 1983), and *In re Johns-Manville Corp.*, 36 Bankr. 743 (S.D. N.Y. 1984). But we think that a latent tort claim by the debtor for malicious prosecution should be regarded, with respect to malicious actions commenced prior to the date of the bankruptcy petition, as property of the debtor within the meaning of § 541(a)(1) and should be scheduled as an asset of the estate. See Bankruptcy Rule 1007(b). It is a claim "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start that it should be regarded as 'property' under § 70a(5) [, the predecessor of § 541(a)(1)]." *Segal* v. *Rochelle*, 382 U.S. 375, 380 (1966). Unlike the asbestos-caused latent injuries that were the subject of the *UNR* and *Johns-Manville* cases, the injury to the person maliciously prosecuted is apparent the day he is served with process. Successful termination, although technically an element of the tort, is in the nature of a threshold requirement. "The new action must not be brought before the first be determined, because till then it cannot appear the first was unjust." *Knott* v. *Sargent*, 125 Mass. 95, 97 (1878). (A contrary rule would spawn a type of litigation said to be "looked [upon] with unapproving eye." *Della Jacova* v. *Widett*, 355 Mass. 266, 272 [1969].)

It would be anomalous not to give the creditors the benefit of causes of action as deeply rooted as these in the plaintiff's pre-bankruptcy past.

*Judgment affirmed.*

The case was submitted on briefs.
*Robert B. Shumway* for the plaintiff.
*Michael G. West* for the defendants.