■ EUGENIA GRIFFITH et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents, and NEW YORK CITY HOUSING AUTHORITY, Respondent-Appellant.—In a negligence action to recover damages for personal injuries, etc., the plaintiff Margaret Griffith and the defendant New York City Housing

Authority separately appeal from (1) an order of the Supreme Court, Kings County (Held, J.), dated June 13, 1985, which granted the motion of the defendants City of New York and Board of Education of the City of New York for summary judgment dismissing the complaint as against them, and dismissing the cross claims asserted by the defendant New York City Housing Authority against them, and (2) an order of the same court, dated September 19, 1985, which denied the plaintiff's motion and the defendant New York City Housing Authority's cross motion for renewal and reargument.

Ordered that the order dated June 13, 1985 is affirmed; and it is further,

Ordered that the appeal from the order dated September 19, 1985, insofar as it denied the motion and cross motion for reargument, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 19, 1985, insofar as it denied the motion and cross motion for renewal, is affirmed; and it is further,

Ordered that the defendants City of New York and Board of Education of the City of New York are awarded one bill of costs payable by the plaintiffs and the defendant New York City Housing Authority, appearing separately and filing separate briefs.

The plaintiff Margaret Griffith commenced this action, *inter alia,* to recover damages for serious personal injuries sustained by her daughter Eugenia Griffith, when she fell from the window of their apartment which is located in a residential building maintained by the defendant New York City Housing Authority. In the complaint, it was alleged that on August 18, 1976, while she was attending Abraham Lincoln High School, and several hours prior to the accident, Eugenia Griffith, then 14 years old and an asthmatic, complained to the school nurse that she was feeling ill, but that she was denied treatment and directed back to class. Eugenia instead chose to leave the school, apparently without permission. Before arriving at her home and on the advice of a neighbor, Eugenia visited the defendant Community Medical Clinic where she was allegedly denied treatment because of her lack of funds. Shortly after she returned home. Eugenia met her mother, who determined that it was necessary to call for an ambulance. While her mother was in the kitchen using the telephone, Eugenia, unable to breathe, opened her bedroom window, apparently lost consciousness and fell to the ground.

Thus, it was asserted that the defendants City of New York and the Board of Education of the City of New York negligently failed to supervise and care for Eugenia Griffith while she was in attendance at Abraham Lincoln High School on the day of the accident, that the defendant Community Medical Clinic's refusal to treat Eugenia Griffith constituted medical malpractice, and that the defendant New York City Housing Authority negligently failed to equip the apartment windows with window guards.

Our review of the record indicates that affirmance of the dismissal of the plaintiffs' claims and the defendant New York City Housing Authority's cross claims against the defendants City of New York and the Board of Education of the City of New York is appropriate. While a school has the duty to exercise the same degree of care toward its students as would a reasonably prudent parent under comparable circumstances *(see, Lawes v Board of Educ.,* 16 NY2d 302; *Ehlinger v Board of Educ.,* 96 AD2d 708), that duty ceases when "the child has passed out of the orbit of [the school's] authority in such a way that the parent is perfectly free to reassume control over the child's protection" *(Pratt v Robinson,* 39 NY2d 554, 560). At the time of Eugenia's accident, the school bore no further duty for her protection since her mother had assumed control over her. Thus, any duty owed to Eugenia by the school cannot supply the basis for liability in this case. Moreover, even if the school had violated its duty to Eugenia, its conduct was not the proximate cause of her injuries since her subsequent fall from the open apartment window was an extraordinary consequence which was not foreseeable *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314-316, *rearg denied* 52 NY2d 784; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468).

Accordingly, the motion of the defendants City of New York and the Board of Education of the City of New York was properly granted. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.