OPINION OF THE COURT
William H. Keniry, J.
The issue presented is whether a school district can be held liable in negligence to a truant student seriously injured while a passenger in an automobile operated by another truant student which crashed during a high-speed police pursuit at a *35 location a considerable distance from the school and at a time beyond normal school hours.
The infant plaintiff Carmen Charles Palella, III (Palella), was a student in the Junior-Senior High School operated by the Rensselaer City School District (School District) on December 17, 1984. He was then 14 years old. This court has previously set forth at length the facts surrounding the incident during which Palella sustained a traumatic amputation of his left arm below the elbow along with other serious injuries (Palella v Ulmer, Sup Ct, Rensselaer County, Apr. 1, 1987). The court will not repeat the chronology of events except as the facts specifically pertain to the instant motion of the School District seeking an order of summary judgment dismissing the plaintiffs’ complaint and all cross claims.*
The infant plaintiff, along with a group of fellow students, reported late for school on December 17, 1984. Pursuant to school policy, Palella first reported to the nurse’s office, received a pass to enter the detention room, and thereafter, without permission, left the school with five other boys. The boys went to the residence of Edward C. Ulmer, Sr., secured the keys to Mr. Ulmer’s automobile and spent a great part of the day joyriding throughout the Counties of Albany and Rensselaer. The tragic accident occurred at approximately 5:00 p.m. on Route 22 in Columbia County.
The plaintiffs contend that the School District breached its duty of supervision, care, custody and control over the infant Palella; failed to provide adequate supervision; failed to prevent his unauthorized leaving of school grounds; failed to report his unauthorized absence to the infant plaintiff’s mother or to law enforcement officials; and failed to maintain adequate attendance and/or truancy control policies. In essence, the plaintiffs allege that the School District was negligent in allowing the plaintiff and his friends to leave and skip school on December 17, 1984 and that such negligence contributed to the events which culminated in the accident.
The School District bases its summary judgment motion on the theory that Palella’s truancy placed him outside the district’s custody and control thereby extinguishing any legal duty of supervision owed to Palella. Even assuming that a duty of care to Palella existed on the day in question, the *36 School District contends that it was not negligent and did not breach its duty. Finally, the School District argues that any negligence on its part was superseded by the events leading up to the accident and, thus, such negligence was not a proximate cause of the accident.
The plaintiffs oppose the motion contending that triable issues of fact exist concerning whether the School District notified Mrs. Palella of her son’s truancy on the date of this incident in conformity with the district’s attendance policy and procedures and whether the School District was negligent in allowing Palella to leave school grounds particularly since the district was aware of Palella’s history of truancy. The plaintiffs argue that the School District was not relieved of its duty of care under the circumstances. On the issue of proximate cause, the plaintiffs contend that "Had the School District made proper notifications or made any effort at all to determine the whereabouts of the infant plaintiff after he came into the School’s charge, this tragedy might well have been averted”.
It is well established that before a defendant may be held liable for negligence, it must be shown that the defendant owed a duty to the plaintiff (Palsgraf v Long Is. R. R. Co., 248 NY 339, 342). In the absence of a duty, there can be no breach of duty and without a breach of duty, no liability exists (Pulka v Edelman, 40 NY2d 781). Whether the School District owed a duty to the plaintiffs herein and the scope of such duty is a legal issue for the court to resolve (Waters v New York City Hous. Auth., 69 NY2d 225, 229). A school district’s duty to properly supervise the activities of its students is unqualified and mandatory (Hill v Board of Educ., 18 AD2d 953). Such duty is "coextensive with and concomitant to its physical custody of and control over the child.” (Pratt v Robinson, 39 NY2d 554, 560.)
The court has found no precedent for the proposition that a school district is responsible for an injury to a student which occurs off school grounds except where such student was involved in a school sponsored or supervised off-campus activity (Pratt v Robinson, 39 NY2d 554, supra [no liability for young child struck by vehicle while walking from bus stop to her home]; Bushnell v Lee, Sup Ct, Albany County, Dec. 17, 1985, index No. 8982-84, Hughes, J. [no liability when student seriously injured while passenger in car operated by fellow student off campus in violation of school bus policy]).
*37 In this case, the infant plaintiff intentionally absented himself from the physical custody and control of the School District. Nothing short of a prison-like atmosphere with monitors at every exit could have prevented the infant from leaving the school grounds on the day in question. This court is not prepared to mandate that a school district must employ security measures to insure that its students comply with reasonable attendance policies. Once a student is beyond its lawful control the School District owes no legal duty to supervise the activities of a student. In this case, the infant plaintiff and his friends engaged in a reckless day-long pattern of behavior which commenced in a joyride in an automobile which was taken without permission; operated by an unlicensed driver; subsequently was abandoned in a ditch miles from the school; impounded by the police; retaken by the infant plaintiff and his companions who fortuitously came upon the garage at which the car was impounded; became the object of a stolen vehicle report made by the garage; was subsequently located by the State Police who attempted to stop the vehicle; thereafter engaged in a high-speed pursuit; and finally which crashed during the chase causing the infant plaintiffs grievous injuries.
To hold that the School District owed a duty to properly supervise the infant plaintiff under these circumstances would impose an intolerable burden upon the defendant. Similarly, any alleged deficiency or inadequacy in the School District’s procedure in notifying the parents of a truant student are immaterial to the issue now before the court. The infant plaintiff was injured in a. one-car accident which occurred after normal school hours and miles away from the school during a high-speed police chase. Although there is a factual issue as to whether the school’s attendance officer called Mrs. Palella on the day in question to advise her of her son’s absence, such issue is not material to the viability of the plaintiffs’ causes of action. Any negligence on the School District’s part concerning its notification and attendance procedures was not a substantial factor in causing the infant plaintiffs misfortune; thus, it was not the proximate cause (Nallan v Helmsley-Spear, Inc., 50 NY2d 507).
The defendant Rensselaer City School District’s motion is granted, without costs.

 The court previously granted summary judgment in favor of the defendants Rensselaer County, Everett D. Madden, doing business as Madden’s Corner Exxon, and John Purdy.