■ MICHAEL FORNARO, an Infant, by His Parent and Natural Guardian, SALVATORE FORNARO, et al., Appellants-Respondents, v ADAM KERRY, an Infant, by His Parent and Natural Guardian, PAUL KERRY, et al., Respondents-Appellants, and WEST ISLIP SCHOOL DISTRICT et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered January 20, 1987, which granted motions for summary judgment by the defendants Town of Islip and West Islip School District and Manetuck Elementary School (hereinafter school district) and dismissed the complaint insofar as it is asserted against those defendants, and the defendants Adam Kerry and Paul Kerry filed a notice of cross appeal from that order.

Ordered that the cross appeal is dismissed as abandoned (see, 22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs, payable by the plaintiffs.

On February 25, 1982, the infant plaintiff, a six-year-old kindergarten student, was waiting for the school bus due to arrive at 8:51 A.M. at his pickup location. Another bus for grades 1 through 6 was scheduled to arrive at 8:54 A.M. at the same location. The infant plaintiff and 10½-year-old Adam Kerry engaged in a snowball fight which then escalated into a rock fight. Kerry hit the infant plaintiff in the face with a rock characterized as "a piece of street" causing facial injuries requiring surgery.

As the court correctly noted, there was no breach of the duty by the school district to select a reasonably safe location for the school bus stop (see, Pratt v Robinson, 39 NY2d 554, 559-560; Gleich v Volpe, 32 NY2d 517, 520-523). In addition, we find no duty owed by the school district to prevent older students from mingling with younger students at the same bus stop at approximately the same time prior to boarding, as the students were not yet in the physical custody or control of the school district (see, Pratt v Robinson, supra, at 559-560). Moreover, the conduct by the school district, as a matter of law, was not a proximate cause of this occurrence (see, e.g., Francois v Commercial Hotel, 131 AD2d 540, 542, lv denied 70 NY2d 606; Covelli v Long Is. Light. Co., 133 AD2d 605, lv denied 70 NY2d 614). The record reveals that the intervening

unforeseeable act of the defendant Kerry was the sole proximate cause of this accident (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-316, rearg denied 52 NY2d 784; Griffith v City of New York, 123 AD2d 830, 831-832, lv dismissed and lv denied 69 NY2d 729; Mack v Altmans Stage Light. Co., 98 AD2d 468, 471; Swiatkowski v Board of Educ., 36 AD2d 685, 686). Thus, summary judgment was properly granted in favor of the school district.

With regard to the claim against the town, the plaintiff Salvatore Fornaro, the father of the infant plaintiff, testified at an examination before trial that neither he nor anyone else gave written notice of the alleged defect in the roadway to the town and there is no evidence in the record to support a constructive notice theory. In the absence of the notice required by Town Law § 65-a this action was properly dismissed as against the town (see, Rodriguez v County of Suffolk, 123 AD2d 754, 755-756). Further, as a matter of law, the alleged defect in the roadway, in which the rocks were allegedly obtained, was not a proximate cause of this occurrence (see, Lomnitz v Town of Woodbury, 81 AD2d 828; Bolsenbroek v Tully & Di Napoli, 12 AD2d 376, 377-378, affd 10 NY2d 960). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.