*246 OPINION OF THE COURT
Peter P. Cusick, J.
In this action sounding in negligence, the defendant Staten Island Aid, Inc. moves for summary judgment. The salient facts are not in dispute.
Staten Island Aid, Inc., a nonprofit corporation, provides vocational training and employment for self-sufficient mentally retarded adults. The program is run pursuant to the Mental Hygiene Law of the State of New York.
Staten Island Aid, Inc. located at 219 Bay Street operates daily weekday sessions from approximately 8:00 a.m. to 3:00 p.m. and does not assume responsibility for its participants’ traveling arrangements. Upon dismissal for the day, approximately one third of the 160 participants leave the facility and walk one block to the public bus stop on the north side of Victory Boulevard, at the corner of Bay Street. While at the bus stop, on the afternoon on November 12, 1984, Gregory Yurek, a program participant, began to chase Susan Me Walters, another program participant. After catching up with McWalters, Yurek pushed her into plaintiff Evelyn Bodaness. Bodaness was thrown to the ground, causing her to sustain serious injuries. Affidavits submitted by the plaintiff aver that the program participants often engage in such horseplay. These were supplied by Robert Kraut, who lives and works in the area, and plaintiff David Bodaness, whose medical office is one block away from the bus stop.
The plaintiffs claim, as a basis for recovery, that Staten Island Aid, Inc. was negligent in failing to supervise the activities of its trainees. They contend that an accident, such as the one claimed here, was foreseeable because such horseplay has been engaged in for approximately a two-year period.
The defendant denies liability as a matter of law claiming that its duty to third parties for the activities of its program participants ceases at the end of the daily sessions. Thus, it moves for summary judgment pursuant to CPLR 3212, the matter now before the court for resolution.
At issue is whether Staten Island Aid, Inc. is liable, as a matter of law, to the plaintiff for the activities of its program participants committed subsequent to their dismissal for the day. Negligence consists, inter alia, of a duty of care owed to another and a breach of such duty. (Pulka v Edelman, 40 NY2d 781; Palsgraf v Long Is. R. R. Co., 248 NY 339; see also, Prosser, Torts § 30 [4th ed].)
*247 Plaintiff has been unable to cite to any cases reported in New York which squarely define a school’s liability for injuries caused by students to third parties off school premises and after dismissal. However, authority in this area has established that a school’s duty to protect students terminates once they are outside of its custody and control. (Pratt v Robinson, 39 NY2d 554; Fornaro v Kerry, 139 AD2d 561.) In Fornaro, the infant plaintiff was injured after being struck with a rock thrown by another student. This incident occurred while the students were waiting for the school bus at the designated pickup location (supra, at 561). The court held that the school district did not have a duty to prevent students from interacting with one another. The court reasoned that a school district’s duty was premised on its physical control of the students (supra; see also, Shanahan v St. James R. C. Church, 11 AD2d 584, affd 10 NY2d 906; Hill v Board of Educ., 18 AD2d 953). By logical extension of this reasoning, it is proper to conclude that once Staten Island Aid, Inc. discharged its program participants at 3:00 p.m., it no longer had physical control upon which to base a duty owed to Evelyn Bodaness. To hold Staten Island Aid, Inc. liable for program participants’ activities which occur outside of its custody or physical control after dismissal constitutes an unrealistic burden, lacking any guidelines or boundaries. Its duty must end at some time or place, and to consider the duty terminated upon discharge at 3:00 p.m. each day is not unreasonable.
The alleged duty here is also analogous to a parent’s duty in overseeing a child’s activities. In the seminal case Steinberg v Cauchois (249 App Div 518), the court held that a parent may be negligent in failing to restrain a child with known vicious propensities. However, the impact of Steinberg is limited to its facts; a parent’s liability does not extend to acts resulting from the general incorrigibility of a child (Linder v Bidner, 50 Misc 2d 320). It would be inconsistent to absolve a parent from liability for the acts of an incorrigible child, yet to hold Staten Island Aid, Inc. liable for acts which both parties have characterized as horseplay.
The plaintiff argues that a question of fact is presented regarding whether Staten Island Aid, Inc. was negligent for failing to reasonably foresee that an accident would occur and to provide appropriate supervision. This approach to the problem at hand is akin to leading the cart before the horse. *248 Plaintiff has failed to overcome its initial burden of establishing Staten Island Aid, Inc. owed Bodaness a duty of care. (Palsgraf v Long Is. R. R. Co., supra, at 342.) As aptly stated by the Court of Appeals in Pulka v Edelman (supra, at 785):
"Although it is reasonable to require one person to be responsible for the negligent conduct of another in some instances, it is unreasonable to impose that duty where the realities of every day experience show us that, regardless of the measures taken, there is little expectation that the one made responsible could prevent the negligent conduct.
"Foreseeability should not be confused with duty. The principle expressed in Palsgraf v Long Is. R. R. Co. (248 NY 339, supra), quoted by the dissent, is applicable to determine the scope of duty — only after it has been determined that there is a duty. Since there is no duty here, that principle is inapplicable.
"In holding that there is no duty here, it must be stressed that not all relationships give rise to a duty. One should not be held legally responsible for the conduct of others merely because they were within our sight or environs” (emphasis added).
In fact, the plaintiffs’ own citation to 1A Warren, New York Negligence, Nature of Negligence, § 1.02 in her memorandum of law concedes that a duty of care must be first established as a matter of law before the degree of care, as defined by the foreseeability of the danger becomes a factor for consideration.
The plaintiff also argues that Staten Island Aid, Inc. was statutorily negligent in failing to maintain updated records and statistics on the program participants, as required by Regulations of the Department of Mental Hygiene part 85 (14 NYCRR). The declared purpose of these rules and regulations is to provide the mentally retarded with programs most conducive to their personal growth (Mental Hygiene Law § 13.01). Thus, Bodaness is not within the class of persons which the statute seeks to protect (see, Prosser, Torts § 35 [4th ed]). She therefore cannot be said to have any cause of action accruing from the violation of these regulations, nor can the failure to comply create a duty where none otherwise exists.
The plaintiff’s failure to demonstrate that Staten Island Aid, Inc. owed a duty of care to third parties makes summary judgment an appropriate remedy. Though characterized as a *249 drastic remedy, it is appropriate at bar because there is no triable issue of fact (see, Rotuba Extruders v Ceppos, 46 NY2d 223; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285).
Motion granted.