Charles J. MYLER, Jr., Appellant
(Plaintiff Below),

v.

AMERICAN CONCRETE COMPANY, INC., Appellee (Defendant Below).

No. 73A01-9007-CV-00286.

Court of Appeals of Indiana,
First District.

March 11, 1991.

Herbert A. Jenson, Herbert A. Jenson & Assoc., P.C., Indianapolis, David W. Stone, IV, Stone Law Office & Legal Research, Anderson, for appellant.

J. Bradley Schooley, Shelbyville, Charles W. Linder, Jr., H. Andrew Sonneborn, Linder & Hollowell, Indianapolis, for appellee.

ROBERTSON, Judge.

Charles J. Myler, Jr. appeals an adverse summary judgment in favor of American Concrete Co. in an action assigned to and brought by Myler to recover sums owing Myler's former clients, the Farleys, by American Concrete Co. Myler alleges that he acquired the claim against American Concrete Co. pursuant to a sale by the Farleys' trustee in bankruptcy of all of the Farleys' assets to their secured creditor UnibancTrust. The trial court ruled that the Farleys' successors in interest were estopped as a matter of law from asserting a claim which existed prior to the filing of the Farleys' bankruptcy, but which was not disclosed as an asset in the Farleys' bankruptcy schedules.

We affirm.

■ Myler maintains that a genuine issue of fact exists as to whether the Farleys disclosed their claim against American Concrete Co. He maintains that despite the absence of any express reference to the claim in the record of the bankruptcy proceedings,[1] the Farleys' trustee knew of the asset and administered it, offering in support an affidavit of the trustee. Because the Farleys' failure to list the claim was unintentional and involved·an asset which was worthless to the creditors, Myler argues that as the Farleys' successor in inter-

est, he should not now be barred from litigating the claim. Myler also disputes the trial court's determination that the failure to properly list the asset on their bankruptcy schedules forecloses litigation of the claim as a matter of law.

This court has recognized the preclusive effect of bankruptcy proceedings on claims in existence at the time the bankruptcy petition was filed on at least two occasions. In *Zeigler Bldg. Materials Inc. v. Parkison* (1980), Ind.App., 398 N.E.2d 1330, we stated the general rule that after discharge, a bankrupt may not assert and enforce causes of action which vested in the trustee in bankruptcy and were not abandoned by him or which should have vested in the trustee but the bankrupt withheld information from the trustee. In *Boucher v. Exide Corp.* (1986), Ind.App., 498 N.E.2d 402, *trans. denied,* the second district of this court held that a debtor did not have standing to pursue a cause of action which had not been listed on the bankruptcy schedules or otherwise disclosed to creditors during bankruptcy proceedings. It reasoned that without knowledge of the asset, the trustee could not abandon it and the asset, having not been abandoned by the trustee, remained in the bankruptcy estate until removed by judicial process. The rule pronounced in *Zeigler* and applied in *Boucher* is widely employed in other jurisdictions. *See e.g. Cole v. Pulley* (1984), 18 Mass.App. 950, 468 N.E.2d 652; *In re San Felipe @ Voss, Ltd.* (S.D. Tex., 1990), 115 B.R. 526.

Although *Boucher* suggests in dicta that something other than formal disclosure on the bankruptcy schedules may suffice to confer standing on a bankrupt or his successors in interest, the decision does not resolve that question. A number of the federal courts have adopted a rule, at least with respect to Chapter 11 debtors in possession, that regardless of the debtor's state of mind in omitting the asset from the schedules, the failure to schedule pre-

---

1. By "record," we are referring to that portion of the proceedings certified by the clerk of the bankruptcy court. Copies of UnibancTrust's security agreements and financing statements, at- tached to Myler's memorandum in response to American Concrete Co.'s motion for summary judgment, do show the receivable.

vents the asset from vesting in the assignee at the close of bankruptcy proceedings. *See e.g., Stein v. United Artists Corp.* (9th Cir., 1982), 691 F.2d 885; *SFC Valve Corp. v. Wright Machine Corp.* (S.D.Fla., 1989), 105 B.R. 720;[2] *Dynamics Corp. v. Marine Midland Bank–New York* (1987), 69 N.Y.2d 191, 513 N.Y.S.2d 91, 505 N.E.2d 601. Other courts have barred post-bankruptcy actions not "adequately disclosed" in Chapter 11 proceedings by applying variations of the doctrine of estoppel, citing as a rationale the potential misleading effect of nondisclosure upon the debtor's creditors and the bankruptcy court. *See e.g. Oneida Motor Freight, Inc. v. United Jersey Bank* (3d Cir., 1988), 848 F.2d 414, *cert. denied,* 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (debtor who fails to include claim in disclosure statements precluded from litigating claim subsequent to bankruptcy by doctrine of judicial estoppel); *Monroe County Oil Co. v. Amoco Oil Co.* (S.D.Ind., 1987), 75 B.R. 158 (debtor equitably estopped by failure to disclose in bankruptcy petition, plans of reorganization, or disclosure statements); *In Re Galerie Des Monnaies of Geneva, Ltd.* (S.D.N.Y., 1985), 55 B.R. 253, *affirmed,* 62 B.R. 224 (to preserve integrity of disclosure statements, debtor who fails to amend disclosure statements upon discovery of preferences prevented by judicial estoppel from pursuing preference action). *See also, Southmark Properties v. Charles House Corp.* (5th Cir., 1984), 742 F.2d 862 (doctrine of res judicata prevents successor in interest by virtue of trustee's sale in Chapter 1 proceeding under former act, 11 U.S.C. § 1001 et seq. (1976), from maintaining counterclaim available to trustee but not asserted).

These decisions are premised upon the recognition that in a Chapter 11 proceeding, the debtor continues as the debtor in possession with the rights and fiduciary obligations to creditors of a trustee. Without a rule preventing the debtor from later pursuing claims about which it knew or should have known at the time of the filing of the petition, a debtor in possession might employ less than diligent efforts to ascertain and disclose all potential claims to the prejudice of its creditors, thereby undermining the debtor in possession's status as a fiduciary.

Though the results achieved in the decisions cited make sense in the Chapter 11 context, they lose force in the present setting because the trustee is interposed between the debtor and his creditors, functioning as a separate mechanism for discovering unlisted claims. A trustee is obligated by the bankruptcy code, 11 U.S.C. § 704(4) to investigate the financial affairs of the debtor. Since knowledge of the existence of an asset may be acquired by this means in a Chapter 7 proceeding, a successor in interest to a debtor should be permitted to show that knowledge was acquired, *see Wood v. Lowe* (1974), 39 Cal.App.3d 296, 114 Cal.Rptr 69, and that all interested parties and the court were ultimately made aware of the existence of the asset. *See,* 11 U.S.C. § 704(7).

In the present case, however, the affidavit of the trustee and the debtor's financing statements do not suffice to forestall summary judgment for in a bankruptcy sale, the court is the actual vendor. The purchaser acquires rights in the property sold only upon confirmation by the court. *In Re Pizazz Disco & Supperclub, Inc.* (Bankr.W.D.Pa., 1990), 114 B.R. 104, 107. Once the decree of sale is entered, it is controlling upon the parties. Their rights and obligations are fixed thereby and they have no authority to deviate from the provisions of the order. *Id.; In Re Rosecrest Enterprises, Inc.* (Bankr.W.D.Pa., 1987), 80 B.R. 354, 356. The purchaser is bound by the language of the order. *Id.*

Here, the court's decree of sale specifically describes the property to be sold. No mention is made in the order of the sale of

---

**2.** In *SFC Valve Corp. v. Wright Machine Corp.* (S.D.Fla., 1989), 105 B.R. 720, the court held that a successor in interest to a creditor of the debtor possessed standing and was entitled to a summary judgment in an action brought by a purchaser of the debtor's assets under a plan of reorganization on the ground that the action was an asset which had not vested in the debtor's successor because of the debtor's failure to list the chose in action as an asset during bankruptcy proceedings.

a receivable owing from American Concrete Co. Consequently, no receivable was sold. Having acquired no greater interest than his assignor, *Brown v. First National Bank* (1985), Ind.App., 476 N.E.2d 888, 894, *trans. denied,* Myler has no cause of action.

A grant of summary judgment may be sustained on an alternative theory of substantive law, even though it may not be sustainable on the legal basis reflected in the trial court's findings of fact and conclusions of law. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157. Accordingly, we conclude that summary judgment was properly granted in favor of American Concrete Co.

Judgment affirmed.

HOFFMAN, P.J., and BAKER, J., concur.