■ BELINDA L. G. et al., Appellants, v FRESH AIR FUND, Respondent. (And a Third-Party Action.)—Order, Supreme Court, New York County (Bertram Katz, J.), entered May 13, 1991, which granted defendant's motion for summary judgment, unanimously affirmed, without costs.

We agree with the IAS court that even if it is assumed that defendant was negligent in failing to personally and more thoroughly reinterview the host family, third-party defendant's alleged assault of the child was not a foreseeable consequence of such failure, given that defendant had a successful nine-year history of child placement with this family with whom plaintiff had spent enjoyable and uneventful vacations during the two previous summers. While there had been two alleged incidents of child abuse concerning a few of the host families in defendant's program, those isolated incidents did not make it reasonably foreseeable that plaintiff

would be assaulted by a host parent with an unblemished record. This criminal assault was an intervening, unforeseeable act and the sole proximate cause of plaintiff's injury *(see, Fornaro v Kerry,* 139 AD2d 561, 561-562).

Finally, in regard to plaintiff's allegation that the Fund negligently failed to provide the child's guardian with the host family's address and phone number, there has been no showing that this failure in any way led to the assault or deprived the plaintiff of a means of avoiding the assault, particularly since the guardian had the telephone number, but dialed the wrong area code. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Kassal, JJ.