■ RITA BERLIN et al., Respondents, v NASSAU COUNTY COUNCIL, BOY SCOUTS OF AMERICA et al., Defendants, and HUGH BRICKLEY, Appellant. [645 NYS2d 90] —In an action to recover damages for personal injuries, etc., the defendant Hugh Brickley appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered May 11, 1995, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and cross claims insofar as asserted against the appellant are dismissed, and the action against the remaining defendants is severed.

Brian Thomson acquired a slingshot from a store in Florida while on a trip with his Boy Scout troop. The appellant Hugh Brickley and the defendants Kenneth Bistyga and Philip Lembo were the chaperones for the trip. Brickley immediately confiscated the slingshot and did not return it to Brian until after the trip when he left Brian with his parents in Delaware. Approximately one week later, after the Thomson family had returned to New York, the infant plaintiff Daniel Berlin was injured when he and Brian were playing with the slingshot in Daniel's backyard.

Any duty on the part of Brickley to supervise or control the activities of Brian terminated when he returned the child to

his parents' custody (*see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8-9; *see also, Pratt v Robinson,* 39 NY2d 554, 560; *Griffith v City of New York,* 123 AD2d 830, 832). Even assuming that Brickley was negligent in returning the slingshot to Brian, the alleged negligent supervision by Brian's parents, who were fully aware that he possessed and was using the slingshot, was a superseding intervening cause which attenuated any negligence on the part of Brickley from the ultimate injury to Daniel (*see, Nolechek v Gesuale,* 46 NY2d 332, 338-339; *Elardo v Town of Oyster Bay,* 176 AD2d 912, 914). Consequently, Brickley's motion for summary judgment should have been granted. Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.