◼ OLEDA WILLIAMS, Individually and as Administrator of the Estate of BRYCE WILLIAMS, Deceased, Appellant, v HEMPSTEAD SCHOOL DISTRICT et al., Respondents. [845 NYS2d 913]—In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated December 12, 2006, which denied her motion, inter alia, pursuant to CPLR 3126 to strike the defendants' answer.

In an action to recover damages for wrongful death, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Woodard, J.), dated June 27, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff Oleda Williams was the mother of the decedent, Bryce Williams, and is the administrator of his estate. Bryce was a five-year-old kindergarten student who attended the Early Childhood Center (hereinafter ECC) within the defendant Hempstead School District (hereinafter the District) during the school year for 2001-2002. Bryce had asthma, a fact known by his teacher and reflected in records maintained by the ECC school nurse, the defendant Margaret Pierre-Louis (hereinafter the nurse). At the beginning of the school year, the plaintiff gave the nurse Bryce's asthma medication, a Maxair inhaler, and an authorization and directive by Bryce's pediatrician for its use, as well as a separate authorization for an allergy medication.

During the morning of March 20, 2002, Bryce's teacher and the teacher's aide in his class noticed that he was coughing and they decided he should see the nurse, whereupon the teacher's aide walked him to the nurse's office at approximately 10:40 A.M. The records maintained by the nurse reflected that Bryce was given the Maxair inhaler medication and that his breathing was checked, that he was breathing, alert, and in no distress, and that notification was given to contact persons listed in such record, including the plaintiff. The nurse walked Bryce back to his classroom at which point he was not coughing and asked his teacher for homework. The plaintiff arrived to pick him up from school at about 11:40 A.M. According to the plaintiff, when she encountered Bryce, who was standing with the nurse and the principal, he was breathing and able to walk and talk. After indicating to the nurse that she was taking Bryce to his pediatrician at a HIP Center for an evaluation, which the nurse had suggested, the plaintiff put Bryce in her car and left the school. The plaintiff claimed that in the car Bryce appeared to be hot and ill, and that she stopped twice to attend to him. Thereafter, the plaintiff decided to drive directly home, which she asserted was closer than the HIP Center, to call for help. The plaintiff also asserted that, upon reaching her home, she left Bryce in the car, called 911, and then moved him into the house where,

upon their arrival, emergency medical personnel treated him before taking him by ambulance to Winthrop Hospital. Bryce was pronounced dead at about 12:56 P.M. at the emergency room.

The defendants, the nurse and the District, moved for summary judgment dismissing the complaint which set forth causes of action alleging negligent hiring of the nurse and negligence predicated on the professional malpractice of the nurse. The Supreme Court denied the motion. We reverse.

The defendants established their prima facie entitlement to judgment as a matter of law, and in opposition the plaintiff failed to raise a triable issue of fact. Bryce had been released to the plaintiff who assumed complete custody and control of him prior to the time of his death. Therefore, no duty existed on the part of the defendants at the time of Bryce's death (*see Pratt v Robinson*, 39 NY2d 554 [1976]; *Griffith v City of New York*, 123 AD2d 830 [1986]). Having removed Bryce from the geographic boundaries of the District (*see Bertrand v Board of Educ. of City of N.Y.*, 272 AD2d 355 [2000]), as well as from the actual control of the defendants, and having decided in response to his physical distress to take Bryce home (where, according to hospital emergency room records, the plaintiff administered medication to him), the plaintiff cannot establish, as matter of law, that a duty existed which could give rise to any liability by the defendants (*see Griffith v City of New York*, 123 AD2d 830 [1986]).

Based on the foregoing the Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint.

The defendants' remaining contentions are academic. Santucci, J.P., Krausman, Lifson and McCarthy, JJ., concur.