Curran, Dennis J., J.

Introduction

Biyna Curry has sued her father-in-law, Schlomo Pinkas, alleging that he breached a gift arrangement entered into with her and her-then husband, Eric.
Mr. Pinkas bought a house valued at over $650,000 for his son and new daughter-in-law. He paid cash for the property, took back a note from the couple, and held a mortgage on the property. But in doing so, he also agreed to give them the money with which they could repay him. The couple agreed to pay Mr. Pinkas $40,000 a year, in monthly installments of $3,667, until May 2005, at which time the monthly installments would increase to $5,183; These obligations would continue until 2020.
Mr. Pinkas paid the couple through December 2006, and the couple, in turn, paid him. But Eric and Bryna separated the following month, and ultimately divorced. See Curry v. Curry, Middlesex Probate Docket No.: 06D3747D1. The Separation Agreement permitted Ms. Curry to remain in the marital home until their children became emancipated or the house was sold. Upon its sale, the proceeds were to be divided equally between the husband and wife.
After the estrangement between the husband and wife, relations between Ms. Curry and her former father-in-law became frosty, to the point where Mr. Pinkas felt compelled to file a complaint in the Probate Court to seek grandparent visitation rights. Ms. Curry’s position was that if Mr. Pinkas wished to see his grandchildren, he should travel to California to do so, since her former husband had since moved there and the children would be periodically visiting their father. Given this development and the divorce, the father-in-law stopped paying Ms. Curry. After about eight months of Ms. Curry’s non-payments, Mr. Pinkas foreclosed on the property in which she was living.

Procedural History

On August 24, 2007, Biyna Curiy filed a chapter 7 voluntary petition in the United States Bankruptcy Court. See In Re Bryna Curry, United States Bankruptcy Court of Massachusetts Petition No.: 07-15360. Although she listed Schlomo Pinkas as a secured creditor, she twice provided an inaccurate address for him to the Bankruptcy Court. (See Schedule D, “Creditors Holding Secured Claims” and the “Verification of Creditor Matrix”, signed by Ms. Curry.) Ms. Curry’s attorney insists that the error was cured when the Bankruptcy Court’s service list was created; Mr. Pinkas, however, denies that he received any of Ms Curry’s filings during the pendency of those proceedings.
*330 More importantly, however, Ms. Curry never listed her claim against Mr. Pinkas on her bankruptcy petition. This discrepancy became even more significant just two weeks later when Ms. Curry sued Mr. Pinkas in the Middlesex Superior Court. See Bryna Curry v. Schlomo Pinkas, Middlesex Superior Civil Action No.: 07-CV-3415-G. (A copy of the complaint is attached and marked Exhibit “A.”*) Given the filing of the bankruptcy petition, followed almost immediately by the filing of the civil action, Mr. Pinkas’ attorney submitted a Suggestion of Bankruptcy in the Middle-sex Superior Court civil action. As a result, the judge stayed all proceedings until further Order, but directed Ms. Curry to file status reports with the Court at six-month intervals. When she failed to report to the Court as ordered, that judge dismissed the Middlesex Superior Court complaint.
Almost seven months later, Ms. Curry filed a motion for relief from the judgment of dismissal. Mr. Pinkas opposed on the grounds, inter alia, that she had failed to list her claims against him as assets in her bankruptcy petition. Regional Administrative Justice Billings denied Curry’s motion “. . . for substantially the reasons set forth in the opposition.” (See ruling on paper no.: 8 in Curry v. Pinkas, Middlesex Civil Action No.:07-CV-3415-G.) In that opposition, Mr. Pinkas alleged that: “. . . [Ms.] Curry has failed to sustain her burden of proving the essential elements necessary to obtain relief from judgment of dismissal, which clearly requires denial of her motion.” (See paper no. 8.)
Furthermore, Mr. Pinkas’ opposition papers alleged that by Ms. Curry’s failure to list her lawsuit and claims against Mr. Pinkas in her bankruptcy petition, she had forfeited the right to proceed against him in her civil action. In Cole v. Pulley, 18 Mass.App.Ct. 950 (1984), the Appeals Court declared that unless listed on the bankruptcy schedule by the debtor and abandoned by the bankruptcy trustee, the debtor’s cause of action cannot be pursued by the debtor after filing a bankruptcy petition. In Cole, the plaintiff had asserted claims for the intentional infliction of emotional distress and malicious prosecution before the bankruptcy petition was filed, rendering them “properly” within the meaning of the bankruptcy code. The failure to schedule them, and the failure of the trustee to abandon them, foreclosed the debtor from pursuing them. This is so, obviously, because all of the debtor’s property becomes part of the bankruptcy estate and further, because the term “property" in the bankruptcy code includes “all interests of the debtor in rights of action.” 11 U.S.C. Section 541(a)(1) (1982).
Ms. Curry never appealed the denial of her motion for relief from judgment of dismissal and never moved for reconsideration of that decision.
Instead, thirteen days later, she filed an almost identical, word-processed lawsuit, again in the Mid-dlesex Superior Court, suing an identical party to the one dismissed less than two weeks earlier, alleging the same causes of action (breach of promise-count I, breach of implied covenant of good faith and fair dealing-count III, and specific performance-count III in the old complaint, count IV in the new complaint, but deleting a count for intentional infliction of emotional distress), and asserting virtually identical requests for relief. (A copy of this second complaint is attached as Exhibit “B.”**) The only changes were the deletion of a prayer for relief for the intentional infliction of emotional distress, and a change in the dates of Mr. Pinkas’ breach from January 1, 2007 to October 1, 2007. (Although the complaint is confusing and inconsistent, claiming as it does, in paragraph 8 that “[o]n January 1, 2007, Pinkas stopped making payments to Curry,” versus prayer (a), in which Curry states that Pinkas breached the agreement on October 1, 2007.)
Moreover, the only factual changes from the earlier complaint were that the 2007 civil action alleged that Mr. Pinkas threatened to foreclose on August 29, 2007, but in the second action, Ms. Curry changed the date of that event to April 22, 2009; she also changed a date in paragraph 9.
In sum, despite the above variances, the facts recited in each complaint are nearly identical. Ms. Curry alleges that on April 6, 2005, Pinkas promised, in a written gift agreement, to give her and her husband $44,000 a year in monthly payments of $3,667, and that from May 2005 through April 2008, the monthly payments were to increase to $5,183.
Indeed, in the plaintiffs opposition to the defendant’s motion to dismiss, her counsel admits: “Plaintiff acknowledges that the causes of action stated in the Curry II complaint are the same causes of action alleged in Curry I.” (See page 1 of plaintiffs opposition memorandum.)

DISCUSSION A. Motion to Dismiss

Mr. Pinkas has filed a motion to dismiss (alternatively, a motion for summary judgment), alleging that Ms. Curry has failed to state a claim because of res judicata, i.e., her nearly identical prior action was dismissed. This doctrine requires that there be a valid, final judgment in the prior action; it bars a party from filing another lawsuit on a matter that was or could have been decided in the prior action. Three conditions are required to invoke res judicata: (1): the parties in the present and prior action must be the same; (2) the causes of action must be identical; and (3) a final judgment on the merits must have entered in the previous action. The first two elements have been clearly established; the only question that remains is whether a final judgment has been entered.
Mestek, Inc. v. United Pacific Insurance, Inc., 40 Mass.App.Ct. 729 (1996), answers the inquiry. Mestek established that a dismissal for failure to state a claim under Mass.R.Civ.P. 12(b)(6) operates as a dismissal on the merits, with res judicata implications. That is *331 so because Mass.R.Civ.P. 41(b)(3) states that “. . . any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.” Justice Billings’ endorsement dated June 16, 2009 stated that the plaintiffs motion for relief was “. . . DENIED, for substantially the reasons set forth in the opposition.” Those reasons included, at page 1 of the defendant’s opposition memorandum that “[Ms.] [Curry] has failed to sustain her burden of proving the essential elements necessary to obtain relief from judgment of dismissal” and at page 8, that “. . . the [p]laintiff has not offered any evidence to substantiate her position and she has ultimately failed to sustain her burden of proving the essential elements necessary to vacate the Judgment of Dismissal of her claims.”
Ms. Curry never contested the finality of this Order either by appealing it or by asking for reconsideration. Instead, she re-filed a nearly identical action in the same Middlesex County Superior Court before the end of the dismissal month.
Ms. Curry’s claims were adjudicated on the merits; there is res judicata; and the lawsuit filed less than two weeks later is barred. For these reasons, the defendant Pinkas’ motion to dismiss must be ALLOWED, and this complaint must be DISMISSED.

B. The Effect of the Bankruptcy Petition

The gift agreement between Schlomo Pinkas and Bryna Curry and her husband is dated April 6, 2005. Curry filed a voluntary petition of bankruptcy almost two and a half years later on August 24, 2007. Her putative claims against Pinkas existed before the bankruptcy filing. Such preexisting claims of a bankrupt individual become the assets of the bankruptcy estate and may be prosecuted by the trustee in bankruptcy for the benefit of the estate and the bankrupt’s creditors. See Buker v. National Management Corp., 16 Mass.App.Ct. 35 (1983). The plaintiff claims in each complaint that Mr. Pinkas’ date of breach was January 1, 2007 (see count I, paragraph 8 of each complaint) well before the August 24, 2007 bankruptcy filing.
Ms. Curry’s failure to list the Middlesex lawsuit in her bankruptcy petition forecloses her from prosecuting this cause of action. See Cole, supra.

C. The Motion for Sanctions

The defendant Pinkas asserts that the plaintiffs attorney violated Rule 11(a) by filing Curry’s complaint, without sufficient legal or factual basis. To make such a finding, the court must determine that all of the plaintiffs claims were frivolous, unreasonable and groundless. I so find.
However, the Court is also required to conclude that the plaintiffs attorney continued to litigate the matter after it clearly became so. I make no such finding at this time. Nevertheless, plaintiffs counsel is cautioned in light of these clear findings to carefully consider any future, if any, course.
ORDER
For the foregoing reasons, the defendant Schlomo Pinkas’ motion to dismiss is ALLOWED with prejudice; judgment shall enter forthwith in his behalf on all counts.
Finally, the defendant’s motion for sanctions is DENIED at this time, without prejudice.

Editor’s note: The referenced attachment is not included herein.

Editor’s note: The referenced attachment is not included herein.