Donald **BOUCHER** and Marilyn Boucher, Appellants (Plaintiffs Below),

v.

**EXIDE CORPORATION,** Appellee (Defendant Below).

No. 91A02–8602–CV–56.

Court of Appeals of Indiana,
Second District.

Oct. 16, 1986.

Kelly Leeman, Logansport, for appellants.

Philip A. Whistler, Ice, Miller, Donadio & Ryan, Indianapolis, John M. Guy, Monticello, for appellee.

SULLIVAN, Judge.

Donald and Marilyn Boucher (Bouchers) appeal the trial court's summary judgment in favor of Exide Corporation (Exide), the defendant below.

We affirm.

The facts most favorable to Bouchers are as follows: Donald Boucher was employed as a foreman by Exide. On or about May 21, 1982, Boucher was in the foreman's office completing some paperwork. Another foreman, Kerns, entered the office, verbally assaulted Boucher, then hit Boucher twice. The second blow knocked Boucher from his chair and onto the floor, whereupon Boucher "came up swinging." Appellant's Brief at 5. On May 28, 1982, Exide discharged Boucher for "fighting on company property."

Bouchers subsequently brought this action against Exide based upon theories of wrongful discharge, negligent hiring practices, negligent investigation of the assault, and intentional infliction of emotional distress. The trial court granted Exide's motion for summary judgment on October 28, 1985.

Bouchers present seven issues on appeal. We need address only one of these in order to resolve this appeal. The issue is:

Whether Bouchers had standing to pursue a claim which was in existence at the time they filed their petition in bankruptcy and which was not abandoned by the bankruptcy trustee.

Bouchers filed their complaint against Exide in May, 1984. The events forming the basis of the complaint occurred on or about May 28, 1982. The plaintiffs filed a joint petition in bankruptcy on April 23, 1984, and received a discharge from the bankruptcy court on October 19, 1984. Bouchers did not list their right of action against Exide on their bankruptcy schedules.

Section 541(a)(1) of the Bankruptcy Code provides that the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This broad provision includes any interest the debtor may have in causes of action. "It is ... intended that *all* interests of the debtor in rights of action be included as property of the estate under § 541(a)(1)." 4 *Collier on Bankruptcy* § 541.10 (15th Ed.1979).

■ There is no doubt that Bouchers' right of action against Exide accrued prior to their filing of the petition in bankruptcy. Thus, upon their filing of the petition, the right of action passed into the bankruptcy estate and could only be pursued by the bankruptcy trustee. If the trustee had abandoned the right of action, title to it would have reverted to the Bouchers. 11 U.S.C. § 554(d). However, the fact that Bouchers did not list the cause of action on their bankruptcy schedule prevented abandonment by the trustee. "Abandonment presupposes knowledge. There can, as a rule, be no abandonment by mere operation of law of property that was not listed in the debtor's schedule or otherwise disclosed to the creditors...." 4 *Collier on Bankruptcy* § 554.03. As the Appeals Court of Massachusetts noted in addressing a case with similar facts, "Unless scheduled by the debtor (the plaintiff here did not do so) and abandoned by the trustee ..., such rights of action may not thereafter be pursued by the debtor." *Cole v. Pulley* (1984) 18 Mass.App. 950, 468 N.E.2d 652, 653. Because the trustee had not abandoned Bouchers' right of action against Exide it remained in the bankruptcy estate and Bouchers had no standing to bring the lawsuit.

■ Bouchers point out that prior to the trial court's entry of summary judg-

ment they petitioned to reopen the bankruptcy proceeding in order to amend their schedules to include the cause of action against Exide. The petition was granted by the bankruptcy court on January 16, 1986, after the trial court had entered summary judgment. Bouchers also call our attention to the fact that the trustee in bankruptcy has recently petitioned the bankruptcy court to employ Bouchers' attorney to pursue this appeal. Bouchers raise this point for the first time in their reply brief. A party may not raise arguments for the first time in his reply brief. *Senco Products, Inc. v. Riley* (1982) 4th Dist. Ind.App., 434 N.E.2d 561. In any event, we fail to see the relevance of these facts. This is an appeal from the trial court's grant of a summary judgment motion. The Court of Appeals stands in the shoes of the trial judge when reviewing the grant or denial of a summary judgment motion. *Mead Johnson & Co. v. Oppenheimer* (1984) 1st Dist. Ind.App., 458 N.E.2d 668. At the time summary judgment was granted by the trial court, the bankruptcy had not been reopened, the trustee had not abandoned the cause of action, and Bouchers were unquestionably without standing. The fact that the trustee has now petitioned the bankruptcy court to employ Bouchers' attorney to pursue this appeal indicates, if anything, that the trustee did not wish to abandon the cause of action, thus lending even more support to our holding that the right of action remained in the hands of the trustee and could not be pursued by Boucher.[1]

Bouchers also argue that because they have included a claim for an adverse effect upon Don Boucher's earning ability they should be allowed to pursue this action. Bouchers' argument is apparently based on § 522(d)(11)(E) of the Bankruptcy Code, which makes a payment to the debtor in compensation of loss of future earnings exempt from the bankruptcy estate. 11 U.S.C. § 522(d)(11)(E). However, Bouchers' argument fails to take into account the scope of § 541. The U.S. Court of Appeals has recently addressed a similar argument and found that Congress has "explicitly stated that exempt property is initially included in the bankruptcy estate under Section 541." *Sierra Switchboard Co. v. Westinghouse Electric Corp.* (9th Cir.1986) 789 F.2d 705, 708. Thus, even though the claim for lost earning ability may have constituted exempt property under § 522, it was initially included in the bankruptcy estate. "It would appear under section 522(b) that an individual debtor must claim the exemption in order to have it be effective. Otherwise, the exempt property will remain property of the estate." 4 *Collier on Bankruptcy* § 541.02 (15th Ed.1979). In order to claim an exemption, the debtor must list it in the bankruptcy schedules. *Id.* at § 522.26. While the Bouchers did belatedly amend their bankruptcy schedules to list their cause of action against Exide as an asset of the estate, there is nothing in the record to indicate that they ever attempted to claim the cause of action as an exemption. Accordingly, the cause of action, whether exempt or not, remained

---

1. We note that, even assuming we could properly consider the trustee's apparent desire to now pursue this cause of action, we could not substitute the trustee as plaintiff-appellant on this appeal. Our Supreme Court addressed this point in a turn-of-the-century case.

"The petitioner ... seeks to have this court, in effect, make a new and different record from that originally certified in the lower court by substituting as plaintiff below and appellee here a new and entirely different person. If, under the circumstances, such procedure could be sustained, it would follow that whenever it was disclosed to this court, in the appeal of a cause, that the party who had successfully waged the contest below had no warrant under the law to maintain the action for the reason that the right to do so was lodged in another and different person, then the party who had been mistaken in respect to his rights might be permitted to withdraw, and the party authorized to maintain the action in the lower court by substituted as a party for the first time in this court, and be allowed to occupy the same position and exercise the same rights as though he had been originally a party to the action. That such practice is not authorized under our appellate procedure certainly cannot be controverted." *Maule Coal Co. of Princeton v. Partenheimer* (1900) 155 Ind. 100, 111–12, 57 N.E. 710, 711.

the property of the bankruptcy estate and could be pursued only by the trustee. The trial court was correct in granting Exide's motion for summary judgment, and the judgment is affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.