R.W. LESHER and Stephen Dillon, Appellants (Plaintiffs Below),

v.

The BALTIMORE FOOTBALL CLUB d/b/a Indianapolis Colts, Appellee (Defendant Below).

No. 49S04–8708–CV–770.

Supreme Court of Indiana.

Aug. 25, 1987.

Gary P. Price, Jennifer L. Graham, Lewis Kappes Fuller & Eads, S. Sargent Visher, Choate, Visher & Haith, Indianapolis, for appellants.

William M. Evans, Alan W. Becker, Bose, McKinney & Evans, Indianapolis, for appellee.

DICKSON, Justice.

As in two other cases [1] which we are deciding contemporaneously, this case likewise presents the issue of appellate attorney fees pursuant to Appellate Rule 15(G) of the Indiana Rules of Procedure. Upon this sole issue, we grant transfer. We decline to address the remaining issues and summarily affirm the Court of Appeals in these matters pursuant to Appellate Rule 11(B)(3).

The Court of Appeals affirmed the trial court's grant of summary judgment and ordered defendants to pay appellee's attorney fees and expenses pursuant to AR 15(G), *Lesher v. Baltimore Football Club* (1986), Ind.App., 496 N.E.2d 785. The decision appears to have been based upon a finding that appellants' contentions lacked merit. The court stated:

> Quite frankly, we are annoyed at having to devote our time and energy to an absolutely meritless claim for un-negotiated interest.

496 N.E.2d at 793. There was no indication that the court found bad faith, frivolity, harassment, vexatiousness, or purpose of delay.

To the contrary, the appeal was expeditiously presented, the record and briefs were concise, and the issues were addressed with plausible argument.

For the reasons more expansively presented in *Orr v. Turco Manufacturing Co.* (1987), Ind., 512 N.E.2d 151, we hold that the Court of Appeals abused its discretion in awarding punitive appellate attorney fees, which are hereby denied.

In all other respects, the decision of the Court of Appeals is summarily affirmed.

GIVAN and PIVARNIK, JJ., concur.

**1.** *Orr v. Turco Mfg. Co.* (1987), Ind., 512 N.E.2d 151; *In re Guardianship of Posey v. Lafayette*

DeBRULER, J., dissents.

SHEPARD, C.J., dissents with opinion.

SHEPARD, Chief Justice, dissenting.

In this case, the Court of Appeals was moved to award fees to an appellee because it determined that an appellant filed a meritless appeal. This Court has declared that doing so was an abuse of discretion and vacated the order of fees, apparently concluding that the issues presented met the announced standard: plausibility.

Appellants are individuals who applied to purchase tickets for games of the Indianapolis Colts. Lesher received the tickets he wanted; attorney Dillon did not. Lesher filed a complaint seeking an injunction to halt the ticket sale and compensation for alleged wrongdoing by the Colts. Dillon joined the lawsuit somewhat later, when the parties sought to have the litigation certified as a class action.

The parties submitted the matter on stipulated facts and filed cross motions for summary judgment, agreeing that there was no dispute about the dispositive facts. The trial court granted the Colts' motion for summary judgment. Appellants filed an appeal, arguing, among other things, that there were dispositive facts which precluded summary judgment.

Appellants' legal claims have been rejected unanimously by all three levels of Indiana's judiciary. Not a single judge has regarded even one argument as sufficiently worthwhile to survive summary judgment. Though losing a lawsuit hardly makes one's claims frivolous, I mention just three of appellants' arguments to illustrate why the Court of Appeals order of fees should be allowed to stand.

*A party may voluntarily engage in a drawing, win it, and still seek to have the drawing set aside.* Among appellants' arguments rejected on appeal was a claim that the blind drawing used to select ticket purchasers from among the many who wanted to purchase violated the constitu-

*Bank & Trust Co* (1987), Ind., 512 N.E.2d 155.

tional prohibition against lotteries. Ind. Const., Art. XV, § 8. Of course, both parties had voluntarily submitted their ticket applications and Lesher prevailed. As a party who benefitted from the drawing, Lesher should not be heard to challenge it.

*A party may send his property to another and claim that the latter possesses it without authority.* Appellants, who sent their money to the Colts voluntarily and never requested a refund, also claim that the Colts "exerted unauthorized control" over their funds and committed criminal conversion, violating Ind.Code § 35–43–4–3.

*A purchaser who receives that which he orders within the promised time is entitled to interest.* Appellants also claimed that the Colts were unjustly enriched by virtue of not paying ticket applicants interest for the period between receipt of applications and the date of distribution of tickets and refunds. By vacating the order of fees against Lesher, who got his tickets, the Court necessarily determines that he had a plausible claim that an advance sale, delivered when he was told it would, without any prior agreement for interest, should result in payment of interest.

I think it was an appropriate exercise of discretion by the Court of Appeals to order that appellee be compensated for responding to these arguments.