**Harold B. SCHLOSSER and Mary M. Schlosser, Appellants–Plaintiffs,**

v.

**BANK OF WESTERN INDIANA, Appellee–Defendant.**

No. 23A01–9112–CV–371.

Court of Appeals of Indiana, First District.

April 9, 1992.

Rehearing Denied May 28, 1992.

Jay T. Seeger, Gambs, Mucker, Bauman & Seeger, Lafayette, for appellants-plaintiffs.

Richard S. Ewing, Douglas R. Brown, William N. Ivers, Stewart & Irwin, Indianapolis, for appellee-defendant.

BAKER, Judge.

Plaintiffs-appellants Harold B. and Mary M. Schlosser (the Schlossers) appeal the trial court's dismissal of their action filed against defendant-appellee Bank of Western Indiana (BWI). The trial court granted BWI's motion to dismiss the Schlossers' complaint because the Schlossers failed to list their cause of action against BWI in their earlier Chapter 11 bankruptcy reorganization plan. Two issues are raised for our review, which we restate as:

I. Whether the trial court properly granted BWI's motion to dismiss the Schlossers' complaint.

II. Whether the Schlossers' appeal so lacks a valid legal basis that BWI is entitled to recover its attorney fees and costs.

## FACTS

On May 17, 1985, the Schlossers began proceedings for reorganization under 11 U.S.C. § 1101, *et seq.* in the United States Bankruptcy Code, and on June 17, 1985, they filed their schedule of assets and liabilities. Their schedule certified they did not own or possess any contingent or unliquidated claims of any nature. On October 14, 1987, the Schlossers submitted their plan of reorganization and disclosure statement. The disclosure statement identified the terms of the settlement agreement reached by the Schlossers and BWI. The statement did not reveal the claim that is the subject matter of this appeal. BWI accepted the Schlossers' plan of reorganization and the bankruptcy court confirmed the plan on March 17, 1988.

On June 22, 1989, the Schlossers brought their present complaint against BWI. They alleged that in February of 1984, BWI agreed to make them a farm operating loan guaranteed through the Small Business Administration. The Small Business Administration loan guarantee program required BWI to submit the loan application by March 12, 1984. BWI's failure to meet the March 12 deadline prevented the Schlossers from qualifying for the Small Business guarantee. As a result, BWI did not make the loan to the Schlossers.

Upon receiving the loan commitment from BWI in February, the Schlossers entered into various contracts for the purchase of the supplies necessary for their

1984 farming operations. When the loan did not materialize, however, the Schlossers were forced to liquidate various holdings including land, timber, and livestock. They claimed this turn of events caused them substantial damages. Their complaint alleged, in part, that BWI negligently breached its duty to act in a reasonable and prudent manner regarding the loan and its processing. On September 19, 1990, BWI filed a motion to dismiss the Schlossers' complaint with supporting affidavits. The trial court held a hearing on the matter and the Schlossers filed a brief in opposition to BWI's motion. The trial court granted the motion and dismissed the Schlossers' complaint on August 12, 1991, and the Schlossers now appeal.

## DISCUSSION AND DECISION

### Standard of Review

The trial court concluded the Schlossers were estopped from bringing their claim against BWI because they failed to disclose the claim in their schedule of assets and liabilities. As a result of the estoppel, the trial court also concluded it had no subject matter jurisdiction and granted BWI's motion to dismiss.

■ Subject matter jurisdiction refers only to the power of a court to hear and decide a particular class of cases. *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 356, 332 N.E.2d 99, 101. When determining whether a court has subject matter jurisdiction, the relevant question is "whether the kind of claim which the plaintiff advances falls within the general scope of the authority conferred upon such court by the constitution or by statute." *Id.* Here, we find no question that the trial court had subject matter jurisdiction over the Schlossers' claim of negligence, fraud, and breach of contract on BWI's part. The issue was whether the Schlossers were barred from bringing the action because of their failure to list the claim in their bankruptcy disclosure schedule. "The legal capacity of a party to prosecute its claim is a matter which affects the trial court's *jurisdiction over the particular case*—not its jurisdiction

tion over the subject matter." *Wildwood Park Community Ass'n v. Fort Wayne* (1979), 182 Ind.App. 578, 583, 396 N.E.2d 678, 681, *trans. denied* (original emphasis) (citations omitted).

■ Because the trial court determined it did not have subject matter jurisdiction, the court found it lacked the power to reach the question whether BWI's motion to dismiss was transformed into a motion for summary judgment pursuant to Ind. Trial Rule 12(B)(8). *See Bodine v. Hiler* (1984), Ind.App., 463 N.E.2d 539, 542, *trans. denied.* A motion to dismiss tests the legal sufficiency of a complaint. *Domain Industries v. Universal Pool Supply, Inc.* (1980), Ind.App., 403 N.E.2d 889, 891. When ruling on such a motion, the trial court must limit its review to the face of the pleadings. *Id.* If the parties rely on or the court examines material outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Ind. Trial Rule 56. T.R. 12(B)(8); *Hamilton v. Roger Sherman Architects, Inc.* (1991), Ind.App., 565 N.E.2d 1136, 1137. Because the trial court considered affidavits submitted by both BWI and the Schlossers, we will review BWI's motion to dismiss as a motion for summary judgment. *Id.*

■ In reviewing the propriety of the grant of summary judgment, this court applies the same standard as the trial court. *Id.* Summary judgment is appropriate when the designated materials together with any testimony show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320, 1323. Here, the parties do not dispute the facts material to the Schlossers' claim, so our task is to determine whether the trial court correctly applied the law to the undisputed facts. *See State ex rel. Bd. of Dental Examiners v. Judd* (1990), Ind. App., 554 N.E.2d 829, 830. This court will affirm summary judgment on any legal theory which is consistent with the facts

disclosed in the record. *Hupp, supra,* at 1323.

## I
### *Propriety of Dismissing the Schlossers' Cause of Action*

■ The Schlossers argue the trial court erred when it concluded they were barred from pursuing their cause of action against BWI because they did not identify their claim in their disclosure statements.

Both federal courts and Indiana courts have uniformly held that a debtor who fails to disclose a potential cause of action in a bankruptcy proceeding is precluded from pursuing such undisclosed claims in subsequent litigation. *Steyr–Daimler–Puch of America Corp. v. Pappas* (4th Cir.1988), 852 F.2d 132, 136; *Oneida Motor Freight, Inc. v. United Jersey Bank* (3rd Cir.1988), 848 F.2d 414, 415, *cert. denied,* 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532; *Eastover Bank for Savings v. Smith* (Bankr. N.D.Miss.1991), 126 B.R. 861, 869; *Louden v. Federal Land Bank of Louisville* (Bankr.E.D.Ky.1989), 106 B.R. 109, 112–13; *Hoffman v. First National Bank of Akron* (N.D.Iowa 1989), 99 B.R. 929, 933–34; *Boucher v. Exide Corp.* (1986), Ind.App., 498 N.E.2d 402, 403, *trans. denied; Zeigler Building Materials, Inc. v. Parkison* (1980), Ind.App., 398 N.E.2d 1330, 1332–33. This court recently affirmed denying a bankrupt debtor access to the courts when the debtor sought to bring a cause of action he improperly omitted from the bankruptcy schedule. *McDonald v. Fairfield Pathologists, Inc.* (1991), Ind.App., 580 N.E.2d 690, 692. The courts have barred subsequent litigation under the doctrines of standing, equitable estoppel, judicial estoppel, and res judicata. *Oneida, supra,* at 415; *Eastover Bank for Savings, supra,* at 866; *McDonald, supra,* at 692.

We conclude the Schlossers did not have standing to pursue the present action against BWI, and their lack of standing supported granting BWI's motion for summary judgment. The lack of standing effectively prevents a plaintiff from pursuing an action and restrains the court from exercising its general jurisdiction over any issue in the case. *State ex rel. State Bd. of Tax Com'rs v. Marion Superior Court* (1979), 271 Ind. 374, 392 N.E.2d 1161. Because we will affirm the granting of summary judgment based on any legal theory supported by the evidence, *Hupp, supra,* we do not reach here the other doctrines used to bar such litigation.

■ When a debtor files a petition in bankruptcy, the debtor is divested of all of his or her assets, including any potential causes of action, and the assets are transferred to the bankruptcy estate. *McDonald, supra; Boucher, supra.* As stated in 11 U.S.C. § 541(a), the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." Once a cause of action becomes property of the bankruptcy estate, the debtor may not pursue the claim until it is abandoned from the estate. *McDonald, supra.* A property interest can be abandoned from the bankruptcy estate only if it has been listed in the debtor's schedule, has been disclosed to all the creditors, and is ordered abandoned by the bankruptcy court. *Id.* Because the Schlossers failed to list in their bankruptcy schedule the cause of action against BWI, they later lacked standing to pursue the claim. The suit must be brought exclusively by the trustee of the Schlossers' bankruptcy estate. *See id.*

■ We also reject the Schlossers' argument that they reserved the right to pursue the cause of action against BWI. In their disclosure statement, the Schlossers provided:

Following confirmation, the Debtors shall retain all causes of action they may have under State or Federal law including the United States Bankruptcy Code, and the Debtors shall be authorized to prosecute such actions as fully and completely as if the same were being prosecuted by a trustee in bankruptcy.

Upon confirmation, all of the property of the estate shall be vested in the Debtors, free and clear of all claims and interests of creditors except as provided for in the Plan, and the Debtors shall be enti-

tled to manage their affairs without further Order of the Court.

*Supplemental Record* at 30.

The bankruptcy court rejected a similar reservation of rights clause in *Monroe County Oil Co. v. Amoco Oil Co.* (S.D.Ind. 1987), 75 B.R. 158, 162. In rejecting the provision, the court stated that "[w]hen a debtor fails to disclose claims that it has during the bankruptcy proceedings, it is equitably estopped from bringing the claims after the approval of the plan of reorganization." *Id.* If we accepted the Schlossers' clause we would be allowing them to conceal an asset of the bankruptcy estate from the creditors and the bankruptcy court. This result would amount to a fraud on both the creditors and the bankruptcy court. *Krank v. Utica Mutual Insurance Co.* (E.D.Pa.1990), 109 B.R. 668, 669.

## II

▮ Finally, BWI argues in its appellee's brief that the Schlossers' appeal so lacks a valid legal basis that it is entitled to recover attorney fees and costs. Ind. Appellate Rule 15(G) provides:

> If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten percent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution.

Our supreme court has recognized that a damage award under App.R. 15(G) may include attorney fees. *Orr v. Turco Mfg. Co., Inc.* (1987), Ind., 512 N.E.2d 151, 152. The punitive sanctions available under App.R. 15(G) may not be imposed, however, to punish the appellant for lack of a meritorious claim unless the contentions and arguments in the appeal are utterly devoid of all plausibility. *McEwen v. McEwen* (1988), Ind.App., 529 N.E.2d 355, 360. Moreover, punitive sanctions are not justified when there is no indication of bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Lesher v. Baltimore Football Club* (1987), Ind., 512 N.E.2d 156. Although the Schlossers have been unsuc-

cessful in this appeal, their arguments are not so utterly devoid of all plausibility so as to merit punitive sanctions in favor of BWI. Likewise, there is no indication the Schlossers acted in bad faith, to harass, to delay, or with frivolity or vexatiousness. *See Id.* The award of attorney fees is not justified here.

▮ Regarding BWI's request for costs, BWI complains that it incurred unnecessary expenses supplementing the incomplete record provided by the Schlossers. An appellee may request the trial court supplement an incomplete record pursuant to Ind. Appellate Rule 7.2(C)(2), and this court may order recovery of the costs pursuant to Ind. Appellate Rule 15(H). *See Briggs v. Clinton County Bank & Trust Co.* (1983), Ind.App., 452 N.E.2d 989, *trans. denied.* After reviewing both the record of proceedings and the supplemental record of proceedings, we conclude this court did not need the supplemental record requested by BWI to review fully the trial court's decision. The Schlossers either admitted the truth of the documents requested by BWI or the contents of the documents were available elsewhere in the record. BWI is accordingly not entitled to recover its costs for supplementing the record.

The trial court's judgment dismissing the Schlossers' complaint is affirmed and BWI's request for attorney fees and costs for supplementing the record is denied.

ROBERTSON and CHEZEM, JJ., concur.