**VALLEY FEDERAL SAVINGS BANK, Appellant–Defendant,**

v.

**Karl H. ANDERSON and Virginia A. Anderson, Appellees–Plaintiffs.**

No. 79A04–9209–CV–327.

Court of Appeals of Indiana, Fourth District.

April 28, 1993.

Susan K. Holtberg, Stuart & Branigin, Lafayette, for appellant-defendant.

CONOVER, Judge.

Defendant–Appellant Valley Federal Savings Bank (Valley Bank) appeals the trial

court's judgment denying its motion to dismiss Plaintiffs–Appellees Karl H. Anderson and Virginia A. Anderson's personal injury action.

We reverse.

Valley Bank presents four issues for our review, which we consolidate and restate as:

1. whether the trial court erred in holding the Andersons had no duty to disclose their personal injury claim in their bankruptcy schedules because it did not exist at the time their amended schedules were filed or confirmed; and

2. whether the trial court erred in determining the Andersons' cause of action vested in the Andersons when the bankruptcy court confirmed their repayment plan.

In April, 1984, the Andersons filed a Chapter 13 bankruptcy under 11 U.S.C. § 1301, *et seq.* with the United States Bankruptcy Court for the Northern District of Indiana. In June, 1985, the bankruptcy court confirmed their Chapter 13 repayment plan. On November 18, 1988, the Andersons moved to modify their repayment plan, reducing the payment on allowed unsecured claims to one percent. The court approved the plan on March 17, 1989.

On March 20, 1990, Karl Anderson slipped and fell on a patch of ice on the walkway adjacent to Valley Bank's parking lot. On February 19, 1991, the Andersons filed their complaint, later amended, against Valley Bank seeking damages for their personal injuries. The Andersons did not notify the bankruptcy trustee or their creditors of the claim.

In March, 1991, the court granted the Andersons a discharge in bankruptcy, and the bankruptcy estate was ordered closed in November, 1991.

In July, 1992, Valley Bank filed its motion to dismiss the personal injury action, stating the Andersons lacked standing to file the action because the trustee of the Anderson's previous Chapter 13 bankruptcy estate was the real party in interest. In September, 1992, the court entered its order denying Valley Bank's motion. The court stated the Andersons had no duty to disclose their claim against Valley Bank in their bankruptcy schedules because the cause of action did not exist at the time their amended schedules were filed or confirmed. The court further found even if this cause of action was property of the bankruptcy estate, it vested in the Andersons when the plan was confirmed.

Subsequently, Valley Bank obtained certification of the interlocutory order from the trial court and perfected this appeal.

■ ▪ Because the Andersons' appellees' brief was not timely filed as required by Ind.Appellate Rule 8.1(C), Valley Bank needs only to establish *prima facie* error to obtain reversal. *Tandy Computer Leasing v. Milam* (1990), Ind.App., 555 N.E.2d 174, 175. *Prima facie* error is error at first sight, at first appearance, or on the face of it. *Beck v. Mason* (1991), Ind.App., 580 N.E.2d 290, 291.

Valley Bank contends the trial court erred in denying its motion to dismiss for failure to name the real party in interest. Ind.Trial Rule 12(B)(6). It correctly states every action shall be prosecuted in the name of the real party in interest. T.R. 17(A).

■ A motion to dismiss tests the legal sufficiency of a complaint. *Schlosser v. Bank of Western Indiana* (1992), Ind.App., 589 N.E.2d 1176, 1992, *reh. denied.* When matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment. T.R. 12(B)(8); *Van Keppel v. County of Jasper* (1990), Ind.App., 556 N.E.2d 333, 335. In the case at bar, both parties presented evidence and affidavits outside the pleadings which the court considered. Therefore, we will review Valley Bank's motion to dismiss as a motion for summary judgment.

■■ In reviewing a ruling on a motion for summary judgment, this court applies the same standard as the trial court. *Hamilton v. Roger Sherman Architects, Inc.* (1991), Ind.App., 565 N.E.2d 1136, 1137. Since the parties do not dispute the

facts material to the claim, our task is to determine whether the trial court correctly applied the law to the undisputed facts. *State ex rel. Bd. of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829, 830. This court will affirm summary judgment on any legal theory which is consistent with the facts disclosed in the record. T.R. 56(C); *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320, 1323.

Valley Bank argues the trustee of the Chapter 13 bankruptcy estate is the real party in interest because the Andersons' personal injury cause of action became property of the estate pursuant to 11 U.S.C. § 1306.

 The purpose of Chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period. 5 *Collier on Bankrupcty* § 1300.02 (15th ed. 1993). Pursuant to § 541 the estate property includes all legal or equitable interests of the debtor as of the commencement of the case. This definition of estate property includes any interest the debtor may have in a cause of action. *Boucher v. Exide Corp.* (1986), Ind.App., 498 N.E.2d 402, 403, *reh. denied, trans. denied.* The property of a Chapter 13 bankruptcy estate includes not only the property which would otherwise become property of the estate under 11 U.S.C. § 541 but also all property the debtor acquires after the commencement of the case, until it is closed, dismissed or converted to a Chapter 7 bankruptcy. 11 U.S.C. § 1306; *In re Lybrook* (Bankr. N.D.Ind.1989), 107 B.R. 611, *affir'd* 135 B.R. 321 *affir'd* 951 F.2d 136. Applying these sections of the bankruptcy code to the facts in this case, it is evident the Andersons' cause of action belonged to the bankruptcy estate.

 The obvious purpose of including, as property of the estate, property interests acquired during the course of a Chapter 13 bankruptcy is to permit their application toward the satisfaction of the claims of creditors. Congress intended the Chapter 13 debtor repay his creditors to the extent of his capability during the Chapter 13

period. *In re Arnold* (4th Cir.1989), 869 F.2d 240, 243. Thus, disclosure by the debtor of all legal or equitable property interests is important under the overall scheme of the bankruptcy code. Throughout the entire course of a Chapter 13 proceeding, creditors have a legitimate expectancy in receiving a distribution based on the debtor's circumstances and the composition of the bankruptcy estate as they presently exist, not as they once were when the petition was filed. *Id.* This expectancy is not eliminated when the repayment plan is confirmed. Pursuant to § 1329 a debtor can be required to amend his plan following confirmation, due to a change in circumstances. 11 U.S.C. § 1329; *In re Lybrook*, 107 B.R. at 613. Although a change in circumstance is not defined, it is well-settled a substantial change in the debtor's financial condition after confirmation may warrant a change in the level of payments. *Education Assistance Corp. v. Zellner* (8th Cir.1987), 827 F.2d 1222, 1226; *In re Eurele* (Bankr.D.N.H.1987), 70 B.R. 72 (payments readjusted upward after debtor received inheritance); *In re Koonce* (Bankr.D.S.C.1985), 54 B.R. 643 (Chapter 13 payments increased after debtor won the lottery).

 Once a cause of action becomes property of the bankruptcy estate, the debtor may not pursue the claim until it is abandoned by the estate. *Boucher*, 498 N.E.2d at 403. A property interest can be abandoned by the bankruptcy estate only if it has been listed in the debtor's schedule, has been disclosed to all the creditors, and is ordered abandoned by the bankruptcy court. *Schlosser*, 589 N.E.2d at 1179. Until scheduled by the debtor and abandoned by the trustee, such rights of action may not be pursued by the debtor. *Boucher*, 498 N.E.2d at 403.

 A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights. *Oneida Motor Freight, Inc. v. United Jersey Bank* (3rd Cir.1988), 848 F.2d 414, 416, *cert. denied* 488 U.S. 967, 109 S.Ct. 495, 102 L.E.2d

532. Permitting the Andersons to proceed in this cause of action because it did not exist at the time their schedules were filed or their repayment plan was confirmed ignores § 1306 and would allow them to conceal an asset of the bankruptcy estate from the creditors and the bankruptcy court. The Andersons' unsecured creditors received only one percent of their claims. Due to the fact the bankruptcy court and the creditors did not know of the existence of the Andersons' claim, they were prevented from asking for a modification of the repayment plan to increase payments on claims. 11 U.S.C. § 1329. If the Andersons' concealment of the claim had been discovered during the bankruptcy, under 11 U.S.C. § 727(a)(2)(B), they would not have been able to receive a discharge from the bankruptcy until either the plan was modified to increase payment to the creditors or the trustee affirmatively abandoned the claim. Moreover, 18 U.S.C. § 152 makes it a crime, among other things, to knowingly and fraudulently conceal any property belonging to the estate of the debtor. 3 *Collier on Bankruptcy* § 521.01 (15th ed. 1993). In the instant case because the trustee had not abandoned the Andersons' right of action against Valley Bank, it belonged in the bankruptcy estate and the Andersons' had no standing to bring the lawsuit.

■ The trial court also found even if this cause of action was property of the bankruptcy estate, it vested in the Andersons when the plan was confirmed. The bankruptcy code provides once the court confirms a Chapter 13 repayment plan, all the property of the estate vests in the debtor unless otherwise provided in the plan. 11 U.S.C. § 1327.

In *Schlosser*, 589 N.E.2d at 1176, this court discussed the effect of confirmation upon the bankruptcy estate and rejected the debtors' vesting argument. In *Schlosser*, the debtors filed a Chapter 11 reorganizational bankruptcy. The debtors did not disclose to the trustee the existence of any claims. After the debtors' plan was confirmed, the debtors attempted to file a claim against a bank, naming themselves as plaintiffs. The bank filed a motion to dismiss, contending the debtors lacked standing to bring the suit. This court affirmed the trial court's dismissal. We held the suit must be brought exclusively by the trustee of the Schlossers' bankruptcy estate. *Id.* at 1179. We found since the Schlossers failed to list in their bankruptcy schedule the cause of action against the bank, they later lacked standing to pursue the claim. We also noted courts have barred subsequent litigation in such situations under other doctrines, such as equitable estoppel, judicial estoppel, and *res judicata*. *Id.*

Presenting the same argument to the court as the Andersons, the debtors in *Schlosser* argued the property interest represented by the civil claim vested in them upon confirmation. *Id.* at 1179. We rejected that argument by stating if we accepted the Schlossers' argument we would be allowing them to conceal an asset from the creditors. *Id.* at 1180. We opined this result would amount to a fraud on both the creditors and the bankruptcy court. *Id.* Thus, this court held only scheduled property interests would reinvest in the debtor.

On the issues before this court, there is no distinction between a Chapter 11 and a Chapter 13 bankruptcy proceeding. Sections 1107, 1141(b) and (c) in a Chapter 11 bankruptcy parallel § 1306(b) and § 1327 in a Chapter 13 bankruptcy. As Chapter 11 debtors in possession, the Schlossers were entitled to retain possession of the estate property pursuant to 11 U.S.C. § 1107. This is similar to § 1306(b) which permitted the Andersons to remain in possession of all property of the estate. The Schlossers also enjoyed the benefits of 11 U.S.C. § 1141(b) and (c), which like § 1327 provides that upon confirmation of a plan all property of the estate vests in the debtors, free and clear of all claims and interests of any creditors. The rationale in *Schlosser* is equally applicable in the instant case, and the Andersons' undisclosed asset is not affected by the possession and vesting provisions of the bankruptcy code. In fact, it would be impossible for the property interest to revest in the Andersons when it did

not exist at the time the modified plan was confirmed, a year earlier.

We do not find the fact that the Schlossers' cause of action arose pre-petition while the Andersons' cause of action arose post-confirmation, but pre-discharge, to require a different result. Rather, the key element the Schlosser court addressed was the debtors' failure to disclose an asset which was property of the estate. Since the Andersons' claim is part of the bankruptcy estate pursuant to § 1306(a)(1), the suit should have been brought exclusively by the trustee of the estate. Valley Bank has made a *prima facie* showing its motion to dismiss should be granted.

Reversed and remanded for further proceedings consistent with this opinion.

CHEZEM and NAJAM, JJ., concur.