**KCP PRINTING COMPANY, INC.,**
Cross–Appellant–Defendant,

v.

**Robert E. CONFER, Cross–Appellee–Plaintiff.**

No. 71A03–9406–CV–238.

Court of Appeals of Indiana.

Oct. 27, 1995.

Timothy J. Abeska, Roemer and Mintz, South Bend, James A. Masters, Nemeth, Masters & Schroeder, South Bend, for Cross–Appellant.

## OPINION

HOFFMAN, Judge.

Cross-appellant-defendant KCP Printing Company, Inc. (KCP) cross appeals from the trial court's denial of its motion for summary judgment arising from an unpaid wage claim brought by cross-appellee-plaintiff Robert E. Confer.

On September 10, 1991, Confer filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Colorado, along with a statement of financial affairs. Confer's bankruptcy schedules failed to include an unpaid wage claim against KCP and various other defendants. On December 20, 1991, a stipulation for abandonment was filed with the bankruptcy court in connection with Confer's unpaid wage claim. In January 1992. notice was sent to Confer's creditors stating that a copy of the stipulation was available for their inspection. On February 10, 1992, the bankruptcy court entered an order approving the stipulation for abandonment of the claim.

Confer filed his unpaid wage claim, now at issue, against KCP, Bomarko, and two individual defendants on October 21, 1991. The complaint alleged the defendants had breached an oral contract for employment. Thereafter, the individual defendants were dismissed from the case. On March 5, 1993, Confer filed an amended complaint against KCP and Bomarko, as KCP's successor in interest.

On March 12, 1993, both KCP and Bomarko filed supplemental motions for summary judgment. The basis for the joint motions asserted by KCP and Bomarko was Confer's filing of the Chapter 7 bankruptcy on September 10, 1991, his failure to include the unpaid wage claim in the bankruptcy court, and his failure to properly abandon the claim from the bankruptcy estate. The trial court entered an order granting both motions for summary judgment. Thereafter, Confer filed a consolidated motion to amend the trial court's findings and to correct errors. On February 25, 1994, the trial court entered an order granting Confer's motion, in part, as it related to KCP. The trial court then vacated the prior entry of summary judgment in favor of KCP and affirmed the entry of summary judgment as to Bomarko. Confer appealed the trial court's judgment. On September 27, 1994, Bomarko moved to dismiss the appeal, and KCP filed a motion for leave to file a brief in support of its cross-appeal. The motions were both granted and Confer's appeal was dismissed. KCP now brings this cross-appeal.

KCP contends the trial court erred in denying its motion for summary judgment. The purpose of summary judgment is to terminate litigation for which there can be no factual dispute and which can be determined as a matter of law. *Chambers v. American Trans Air, Inc.* (1991), Ind.App., 577 N.E.2d 612, 614, *trans. denied.* In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. Summary judgment is appropriate if the designated evidentiary material shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *State Bd. of Tax Com'rs v. New Energy Co.* (1992), Ind.App., 585 N.E.2d 38, 39, *trans. denied.* The instant case involves no factual dispute.

The Bankruptcy Code provides that the bankruptcy estate is comprised of all property of the debtor, including all legal and equitable interest of the debtor, unless the property is specifically excluded. 11 U.S.C. § 541(a)(1). In relevant part, the Bankruptcy Code further provides:

"After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate, or that is of inconsequential value and benefit to the estate."

11 U.S.C. § 554(a).

KCP contends there was not a proper abandonment of Confer's unpaid wage claim in the bankruptcy court; therefore, KCP asserts Confer did not have standing to sue at the time the complaint was filed on October 21, 1991. KCP points to Confer's failure to list the unpaid wage claim in his amended bankruptcy schedules. KCP reads the numerous cases regarding abandonment of property unnecessarily narrowly. *See e.g. Boucher v. Exide Corp.* (1986), Ind.App., 498 N.E.2d 402, *trans. denied; Schlosser v. Bank of Western Indiana* (1992), Ind.App., 589 N.E.2d 1176; *Valley Federal Sav. Bank v. Anderson* (1993), Ind.App., 612 N.E.2d 1099; and *Stallsworth v. Munoz* (1994), Ind.App., 639 N.E.2d 1025, *trans. pending.* In *Boucher,* this Court concluded the debtor's failure to list his tort action against his employer on the debtor's bankruptcy schedule prevented the trustee from abandoning the tort action; thus, the debtor had no standing to bring suit against his employer. In so holding, this Court stated:

"'Abandonment presupposes knowledge. There can, as a rule, be no abandonment by mere operation of law of property that was not listed in the debtor's schedule or otherwise disclosed to the creditors....'"

*Id.* at 403 (quoting, *Collier on Bankruptcy* § 554.03). Here, although Confer failed to list the unpaid wage claim against KCP, the undisputed designated evidence shows Confer's claim against KCP was made known to his creditors and abandoned by the trustee in bankruptcy.

 KCP further asserts Confer's claim was *void ab initio.* KCP argues that since the bankruptcy court's order approving the stipulation for abandonment of the unpaid wage claim was not filed until February 10, 1992, Confer did not have standing to sue at the time his complaint was originally filed on October 21, 1991.

 The status of property of the estate is a question of federal bankruptcy law, not state law. As explained by the court in *Barletta v. Tedeschi* (N.D.N.Y.1990), 121 B.R. 669,

"[t]he ordinary rule is that when a trustee abandons property of the bankrupt, title reverts to the bankrupt, *nun pro tunc,* so that he is treated as having owned it continuously.... [W]hen the trustee in bankruptcy abandons an asset he is to be treated as having never had title to it; abandonment *is said to relate back* so that 'the title stands as if no assignment had been made.'"

*Id.* at 673 (Citations omitted.).

Here, the effect of the trustee's abandonment of Confer's unpaid wage claim against KCP was as if the claim had never been property of the bankruptcy estate. The trial court did not err in vacating its prior summary judgment order relating to KCP. The judgment of the trial court is affirmed.

Affirmed.

GARRARD and RILEY, JJ., concur.