**Roosevelt B. HOLIDAY,
Appellant–Plaintiff,**

**v.**

**Matthew E. KINSLOW, Appellee–
Defendant.**

**No. 34A02–9505–CV–243.**

Court of Appeals of Indiana.

Dec. 29, 1995.

Michael J. Tosick, Greenfield, for appellant.

Thomas J. Trauring, Fell, McGarvey, Trauring & Wilson, Kokomo, for appellee.

## OPINION

KIRSCH, Judge.

Roosevelt Holiday appeals the trial court's determination that the personal injury complaint he brought during his Chapter 13 bankruptcy was time-barred. The parties present several issues for appeal, which we consolidate and restate as:

> Whether the bankruptcy court's order abandoning Holiday's personal injury claim enabled Holiday to proceed with his claim after the limitations period had expired.

We reverse.

### FACTS AND PROCEDURAL HISTORY

Holiday filed a Chapter 13 bankruptcy petition in March of 1989, listing the Internal Revenue Service as his sole creditor.[1] In a Chapter 13 bankruptcy, a debtor with a regular income proposes a plan to pay creditors with court supervision, and the debtor maintains possession of assets. *See* 11 U.S.C. §§ 1301–1330. In February, 1990, the bankruptcy court approved Holiday's Chapter 13 payment plan, and Holiday began making payments in accordance with the plan. In July, 1991, Holiday was injured in an automobile collision. Matthew Kinslow was driving one of the cars in the collision.

On July 21, 1993, a few days before the limitations period for claims arising from the collision expired, Holiday filed a personal

1. *In re Holiday*, No. 89–2278–RLB–13 (Bankr. S.D.Ind.).

injury complaint against Kinslow. In his answer, Kinslow admitted that his negligence was a proximate cause of the collision. As an affirmative defense, Kinslow asserted that due to the Chapter 13 bankruptcy petition, Holiday lacked standing to pursue the tort action. Kinslow filed a summary judgment motion based on his standing defense.

Two weeks after Kinslow filed his answer in state court, the bankruptcy court found that Holiday had fulfilled the Chapter 13 payment plan. Accordingly, the bankruptcy court discharged Holiday's debts as provided in the plan and closed the bankruptcy case.

Holiday petitioned the bankruptcy court to reopen his case and to abandon his tort action, in order to negate Kinslow's standing defense. The bankruptcy court granted the petition, finding:

"The Court notes that no objection has been received by the Court to the debtor's petition.

. . . .

"13. Legal precedent of the Indiana Court of Appeals requires an order of the bankruptcy court abandoning a tort claim such as that owned by the debtor [Holiday] in order to cure a claim that such a debtor lacks standing to pursue his tort claim in Indiana state court.

"14. This Court finds that the debtor's petition should be granted and that the debtor's tort claim should be abandoned as property of the estate."

*Record* at 256, 257–58. The bankruptcy court (rather than the trustee) abandoned the claim because the case was already closed when Holiday sought abandonment. Holiday's counsel informed the trustee of the tort claim, and the trustee indicated he had no interest in reopening the bankruptcy case. *Record* at 297–99.

Kinslow filed an amended summary judgment motion, asserting that notwithstanding the bankruptcy court's order, Holiday lacked standing to pursue the claim. The trial court entered summary judgment in Kinslow's favor. This appeal followed.

## DISCUSSION AND DECISION

### I. *Scope of Review*

This appeal raises several bankruptcy matters, including the requirements for listing assets and the breadth of a Chapter 13 estate. It is neither this court's purpose nor its function to construe bankruptcy laws; the bankruptcy courts have exclusive jurisdiction over bankruptcy cases and are well-equipped to balance the competing debtor-creditor interests inherent in bankruptcy disputes. When the bankruptcy court addresses a specific issue bearing on a state claim, we should apply the bankruptcy court's finding unless doing so would compromise Indiana's legal framework. In this case, the bankruptcy court has indicated its intent to allow Holiday to proceed with his complaint. *Record* at 257–58 (quoted above). We must therefore determine whether allowing the claim to proceed interferes with the Indiana standing doctrine or the statute of limitations.

Further, appellate review of a summary judgment must ensure that the trial court's decision has not improperly prevented a party from having a day in court. *Indiana Dep't of State Revenue v. Caylor-Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313 (citing *Ayres v. Indian Heights Vol. Fire Dep't* (1986), Ind., 493 N.E.2d 1229, 1234). Summary judgment is appropriate when there are no material factual issues related to the summary judgment motion. Ind.Trial Rule 56(C); *Indiana Dep't of Pub. Welfare v. Murphy* (1990), Ind.App., 608 N.E.2d 1000, 1002. In this appeal, the parties have presented no factual disputes. Accordingly, we review only the legal basis for the trial court's decision. *State ex rel. Bd. of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829, 830.

### II. *Holiday's Standing*

This court has several times considered whether a bankruptcy debtor has standing to pursue a complaint in state court. The decisions on the issue have conflicting outcomes.[2] At least two cases raising the bank-

2. *See, e.g., KCP Printing Co. v. Confer* (1995), Ind.App., 657 N.E.2d 129 (bankruptcy court's abandonment of claim conferred standing on debtor *nunc pro tunc*); *Hammes v. Brumley*

ruptcy/standing issue are pending before our supreme court: *Stiller v. Leatherman* (1995), Ind.App., 646 N.E.2d 701, *trans. granted* No. 69–S03–9505–CV604; and *Shewmaker v. Etter* (1994), Ind.App., 644 N.E.2d 922 *trans. granted* No. 49–02–9505–CV503.[3]

Holiday bases his arguments primarily on bankruptcy law, rather than the Indiana decisions. He contends he has always had standing to sue Kinslow, because his claim against Kinslow arose after the bankruptcy court confirmed his payment plan.[4] In response, Kinslow relies on several Indiana cases and argues that only the bankruptcy trustee had standing to pursue Holiday's claim. Kinslow concludes that because Holiday had no standing at the outset of the lawsuit, the trial court properly precluded him from pursuing the claim.

 The Indiana decisions that have denied standing to debtor-plaintiffs are based primarily on section 541 of the Bankruptcy Code, 11 U.S.C. § 541(a). Section 541 mandates that the debtor-plaintiff's assets, including potential causes of action, become part of the bankruptcy estate. Once a cause of action is part of the bankruptcy estate, any recovery in the action will accrue to the benefit of the creditors, not the debtor-plaintiff.

In *Schlosser v. Bank of Western Ind.* (1992), Ind.App., 589 N.E.2d 1176, the court cited section 541, then wrote "[b]ecause [the debtor-plaintiffs] failed to list in their bankruptcy schedule the cause of action against [the defendant], they later lacked standing to pursue the claim." *Id.* at 1179. Similarly, in *Valley Fed. Sav. Bank v. Anderson* (1993), Ind.App., 612 N.E.2d 1099, the court cited section 541 and companion provisions and held that "because the trustee had not abandoned the [debtor-plaintiffs'] right of action against [the defendant], it belonged in the bankruptcy estate and the [debtor-plaintiffs] had no standing to bring the lawsuit." *Id.* at 1103. *Accord, Stallsworth v. Munoz* (1994), Ind.App., 639 N.E.2d 1025.

Here, the case chronology prevents a routine application of the section 541/standing cases. Holiday's claim arose after the bankruptcy court confirmed his plan, so bankruptcy law controls whether the claim was ever part of the bankruptcy estate. That question is moot, however, because the bankruptcy court abandoned Holiday's claim. Thus, our standing doctrine should not preclude Holiday's claim unless allowing the claim to proceed would defeat the rationale of the doctrine.

 The standing doctrine is designed to assure that litigants actively and vigorously pursue their claims. *Schloss v. City of Indianapolis* (1990), Ind., 553 N.E.2d 1204, 1206. Typically, a plaintiff has standing if: (1) she has a personal stake in the outcome of the lawsuit; and (2) she sustained a direct injury as a result of the allegedly tortious conduct. *Higgins v. Hale* (1985), Ind., 476 N.E.2d 95, 101. The implicit foundation for

(1994), Ind.App., 633 N.E.2d 266 (substitution of bankruptcy trustee as real party in interest related back to original complaint, notwithstanding expiration of limitations period); *compare Sizemore v. Arnold* (1995), Ind.App., 647 N.E.2d 697 (Chapter 7 debtors did not list claim and did not seek bankruptcy court order regarding claim, so had no standing); *Stallsworth v. Munoz* (1994), Ind.App., 639 N.E.2d 1025 (rejecting *Hammes v. Brumley* and holding Chapter 7 debtor who did not list claim lacked standing, thus relation back rules not applicable); *Valley Fed. Sav. Bank v. Anderson* (1993), Ind.App., 612 N.E.2d 1099 (Chapter 13 debtors who did not list claim lacked standing, notwithstanding fact that claim arose after confirmation of Chapter 13 plan).

3. We note that once our supreme court accepts transfer of a case, the court of appeals decision in the case is vacated and cannot be cited as precedent. Ind.Appellate Rule 11(B)(3); *see*

*Chandler v. Board of Zoning Appeals of Evansville,* 658 N.E.2d 80, 80–81 n. 1 (Ind.1995).

4. Holiday cites 11 U.S.C. § 1327, which provides that all of the property in the bankruptcy estate vests in the debtor after confirmation of the Chapter 13 plan. Given our holding, we need not address this contention. Even if we analyzed the contention, the section 1327 argument would not be dispositive. The bankruptcy courts are divided on the effect of section 1327. *See In re Petruccelli* (Bankr.S.D.Cal.1990), 113 B.R. 5 (compiling cases and noting conflict in authorities); *compare In re Ziegler* (Bankr.N.D.Ill.1992), 136 B.R. 497 (interpreting *Petruccelli*), and *In re Fleet* (Bankr.E.D.Pa.1985), 53 B.R. 833 (noting that a post-petition cause of action would be part of bankruptcy estate); *see also* Alexandra T. Ifrah, Note, *The Property of the Estate Continues to Exist After Confirmation of the Chapter 13 Plan,* 16 U.Ark.Little Rock L.J. 297 (1994).

the Indiana decisions denying standing to debtor-plaintiffs is that the bankruptcy trustee has the only cognizable stake in the outcome of the tort claim. If the tort claim is part of the bankruptcy estate, this foundation is valid. If, however, the bankruptcy court abandons the claim, the foundation loses its logic. After the bankruptcy court abandons a claim, the debtor-plaintiff has the requisite personal stake to pursue the claim vigorously. Once the personal stake is regained, Indiana's purpose in applying the standing doctrine is fulfilled, and the doctrine should no longer bar the plaintiff from a day in court. As such, the standing doctrine does not preclude Holiday's claim. We must, however, determine whether the claim was timely.

### III. *The Statute of Limitations*

■ Holiday contends his complaint was timely because the bankruptcy court's abandonment of the action "cured" any lack of standing. He also contends that the abandonment ratified the complaint in accordance with Ind.Trial Rule 17(A). Kinslow responds that Holiday's claim was *void ab initio,* and that no subsequent action by the bankruptcy court could revive the claim after the limitations period expired. In support of this contention, Kinslow cites *Hendrix v. Page* (1993), Ind.App., 622 N.E.2d 564 (*transfer petition pending* ).

In addition, Kinslow maintains Holiday cannot now pursue the claim because Holiday did not list the claim in his bankruptcy schedule. Kinslow contends that even if Holiday had listed the claim, Holiday would not be entitled to have his claim heard on the merits unless: (1) the bankruptcy trustee had filed the complaint, or (2) the bankruptcy court had abandoned the claim within the two-year limitations period. Finally, Kinslow argues that T.R. 17 tolls the statute of limitations only for ratification by a real party in interest, not for plaintiffs who lack standing at the outset of a lawsuit.

To resolve this dispute, we look first to the bankruptcy court's findings. The bankrupt-

cy court order demonstrates the court's intent to allow the claim to proceed. The court wrote:

"Legal precedent of the Indiana Court of Appeals requires an order of the bankruptcy court abandoning a tort claim such as that owned by the debtor in order to cure a claim that such a debtor lacks standing to pursue his tort claim in Indiana state court."

*Record* at 257–58. The court ordered the claim abandoned to implement its finding. Proper regard for the bankruptcy court's decision mandates that the claim proceed, unless doing so would offend the purpose of our statute of limitations. *See Hendrix v. Page* (1994), Ind.App., 640 N.E.2d 1081, 1086–88 (*opinion on rehearing,* Baker, J., dissenting).

■ Indiana's goal in enacting statutes of limitation is to encourage the prompt presentation of claims and to assure fairness to defendants. *Havens v. Ritchey* (1991), Ind., 582 N.E.2d 792, 794; *Rohrabaugh v. Wagoner* (1980), 274 Ind. 661, 663–64, 413 N.E.2d 891, 893. The limitations period ensures that defendants receive formal, seasonable notice of claims. *See State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 359, 332 N.E.2d 99, 103.

Here, Kinslow received the full protection of the statute of limitations. He had timely formal notice of the claim, because Holiday filed the complaint within the limitations period. The parties had the opportunity for expedient litigation, but the eighteen-month procedural battle in the trial court over Holiday's standing has delayed the litigation on the merits.[5] We find that allowing the claim to proceed will not interfere with the purpose of the statute of limitations. Accordingly, we hold that the claim may proceed.

■ That Holiday lacked standing at the time he filed the complaint does not alter this result. According to bankruptcy law, an order abandoning property reverts title in the property to the debtor *nunc pro tunc* (now for then). *Barletta v. Tedeschi*

---

5. Kinslow filed his answer asserting the standing defense in September 1993; the trial court ruled on the standing issue in March 1995.

(N.D.N.Y.1990), 121 B.R. 669, 673–74 (citing *Wallace v. Lawrence Warehouse Co.* (9th Cir.1964), 338 F.2d 392, 394. The abandoned property "stands as if no bankruptcy had been filed and the debtor enjoys the same claim to it as he held previous to the filing of the bankruptcy." *Barletta* at 673 (quoting *In re Dewsnup* (Bankr.D.Utah 1988), 87 B.R. 676, 682 *aff'd Dewsnup v. Timm* (1992), 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903). In *KCP Printing Co. v. Confer* (1995), Ind.App., 657 N.E.2d 129, 131, this court applied the *nunc pro tunc* rule to hold that a claim filed by the debtor-plaintiff prior to the expiration of the limitations period could proceed, even though the order abandoning the claim was issued after the limitations period expired. As in *KCP Printing,* we find that the bankruptcy court intended its order to apply *nunc pro tunc* and we hold that Holiday's claim was timely.[6] We reverse the summary judgment and remand for further proceedings.

Reversed.

FRIEDLANDER and STATON, JJ., concur.

---

6. Kinslow expresses concern that allowing Holiday's claim to proceed would result in bankruptcy lawyers advising debtors to omit personal injury claims from bankruptcy schedules. We will not ascribe such potentially fraudulent conduct to the lawyers of this state. Moreover, the proscriptions of bankruptcy law and our Rules of Professional Conduct should prevent such improper schemes.